THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GEORGE AND CECELIA AUD, Defendants-Appellees.

(Nos. 71-125, 71-126 cons.;

Fifth District—October 27, 1971.

William J. Scott, Attorney General, of Springfield, and Alton A. Greer, State's Attorney, of Shawneetown, (Thomas J. Immel, Assistant Attorney General and Dale R. Turner, Senior Law Student, of counsel,) for the People.

Charles W. Phillips, of Ridgeway, for appellees.

PER CURIAM:

The People of the State of Illinois appeal from an order of the trial court of Gallatin County, dismissing indictments for perjury against George and Cecelia Aud.

The indictments (identical except for names) charged that defendants "commited the offense of PERJURY, in that he under oath . . . in a proceeding . . . charging the defendant (not the defendant in this instant case) with the offense of selling and delivering alcoholic liquors to a person under the age of 21 years, did make false statements material to the issue or point in question which he does not believe to be true. In violation of Section 32—2, Chapter 38, Illinois Revised Statutes, 1969. * * *"

The relevant statutes are sections 32—2 and 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, pars. 32—2 and 111—3): "32-2. Perjury (a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." 111—3. Form of Charge.

\* \* \*

(3) Setting forth the nature and elements of the offense charged;"
■ In *People v. Grieco*, 44 Ill.2d 407, our Supreme Court said at 409—10: "An indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him. [Citations.] But where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred."
■■ The Illinois Perjury Statute is framed in general terms and the words contained therein do not set forth all the elements necessary to constitute the offense intended to be punished. The indictments in the present case did not allege a single fact and there was nothing in them from which the defendants could tell definitely what acts they were charged with. The indictments are therefore void. *People v. Green*, 368 Ill. 242; *People v. Brown*, 336 Ill. 257; 70 C.J.S. p. 509; 41 Am. Jur., p. 25.

Judgment affirmed.