(No. 44805.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GEORGE AUD, *et al.,* Appellees.

*Opinion filed October 2, 1972.*

WILLIAM J. SCOTT, Attorney General, of Springfield (THOMAS J. IMMEL, Assistant Attorney General, of counsel), for the People.

CHARLES W. PHILLIPS, of Ridgeway, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Gallatin County dismissed indictments for perjury against appellees George Aud and Cecelia Aud. The Appellate Court, Fifth District, affirmed (1 Ill.App.3d 867), and we allowed leave to appeal.

The substance of both indictments was identical. The pertinent part of that against George Aud charged "*** that on the 30th day of November, 1970, in the City of Shawneetown, Illinois, at and within said County, GEORGE AUD committed the offense of PERJURY, in that he under oath, before Judge Don A. Foster of the Circuit Court of the County of Gallatin in the Second District of the State of Illinois in a proceeding entitled: The People of the State of Illinois v. George Kilmer, Defendant, Case Number 70-CM-25, charging the Defendant with the offense of selling and delivering alcoholic liquor to a person under the age of 21 years, did make false statements material to the issue or point in question which he does [*sic*] not believe to be true. In violation of Section 32—3, Chapter 38, Illinois Revised Statutes, 1969 ***."

The indictments contain details of time and place but they do not allege either the exact content or the substance of the false statements which are the subject of the charge. The State argues that "[a]ny additional information required for preparation of a defense could have been obtained by resort to a motion for a Bill of Particulars as provided in Paragraph 111—6 and specifically approved in *People v. Patrick, 38 Ill.2d 255, 258*." This

argument does not bear upon the problem in this case, which concerns the legal sufficiency of the indictment to charge an offense, rather than the amount of information necessary for preparation of a defense. In *People v. Patrick (1967), 38 Ill.2d 255, 260,* we noted that "[t] he office of a bill of particulars is to provide more specificity of detail to supplement a *sufficient indictment* so as to enable an accused better to understand the nature of the charge against him or better to prepare his defense." (Emphasis added.) But it has long been settled that "a bill of particulars cannot be used to cure a void charge." *People v. Blanchett (1965), 33 Ill.2d 527, 535; People v. Flynn (1940), 375 Ill. 366;* see also, *Russell v. United States (1961), 369 U.S. 749, 770, 8 L.Ed.2d 240, 254, 82 S.Ct. 1038;* Note, "Indictment Sufficiency," 70 Colum. L. Rev. 876, 901 (1970).

The general rule governing the sufficiency of indictments was reiterated in *People v. Grieco (1970), 44 Ill.2d 407, 409-410:* "[A] n indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him. [Citations.] But where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred."

We have been referred to no decision of any court which has sustained an indictment for perjury that did not set forth the alleged false statement, either verbatim or in its substance. We have found no such case. That is because the offense of perjury can be committed only by the use of words; the words used are both the offense and the means by which the offense is committed. Perjury thus differs from burglary, for example, in which the validity of the indictment does not depend on whether the unlawful entry was through the front door, the rear door or a window, and from murder, in which the validity of the

indictment does not depend on whether the victim was killed by strangulation, by stabbing or by shooting. (See, *People v. Coleman (1971), 49 Ill.2d 565, 569.*) Those offenses are adequately charged by an indictment that uses the language of the statute creating the crime. But where the means used are integral parts of the offense, as is the case is an indictment for perjury, they must be stated. See, *People v. Grieco, 44 Ill.2d 407, 411; People v. Coleman, 49 Ill.2d 565, 571.*

The judgment of the appellate court in the consolidated case is affirmed.

*Judgment affirmed.*