**UNITED STATES of America, Plaintiff,**

v.

**John ANTONUCCI, Defendant.**

**No. 86 CR 864.**

United States District Court, N.D. Illinois, E.D.

March 13, 1987.

U.S. Atty.'s Office, Chicago, Ill., for plaintiff.

James R. Meltreger, Onesto, Giglio, Meltreger & Assoc., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant John Antonucci moves to dismiss the three-count indictment charging him with making false statements to special agents of the Federal Bureau of Investigation. For the following reasons, Antonucci's motion is denied.

Count I charges that Antonucci on April 22, 1986, "knowingly and wilfully made false and fictitious statements and representations as to material facts in a matter within the jurisdiction of the Federal Bureau of Investigation, in that in an interview with Special Agents Andrew H. Caster and James M. Kuntzelman, he denied speaking to Paul Baker about the facts surrounding Baker's pending criminal charge, whereas in truth and fact as defendant then knew, he had spoken to Baker about the facts surrounding the pending criminal charge on several occasions" in violation of 18 U.S.C. § 1001 (1982).

Count II charges that on April 28, 1986, Antonucci again made false statements to the FBI in violation of 18 U.S.C. § 1001 in that "he first denied knowing a policeman named Crocker and second, denied knowing the identity of the police officers who arrested Paul Baker whereas in truth and fact as defendant then knew, he knew that the police officers who arrested Paul Baker were Daniel Crocker and Terrence Meehan, and had spoken to Daniel Crocker."

Count III charges that Antonucci made further false statements to the FBI on May 7, 1986, in violation of 18 U.S.C. § 1001 in that "in an interview with Special Agents Andrew H. Caster and James M. Kuntzelman, he denied that Paul Baker came to him for assistance regarding Baker's attempted murder case, whereas in truth and fact as defendant then knew, he had discussed with Baker on several occasions Antonucci assisting Baker in connection with Baker's pending attempted murder case...."

Antonucci argues that his alleged conduct falls within a judicially created exception to § 1001 generally referred to as the

"exculpatory no" exception. *See, e.g., United States v. Schnaiderman*, 568 F.2d 1208, 1212 (5th Cir.1978). However, Antonucci challenges the sufficiency of the indictment on its face at this stage, and we must accordingly review the indictment in light of the standards for evaluating motions under Fed.R.Crim.P. 12.

 A legally sufficient indictment should state all elements of the offense charged, inform the defendant of the nature of the charge so that he may prepare a defense and enable the defendant to plead the resulting judgment as a bar to any later prosecution for the same offense. *United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir.), *cert. denied*, 474 U.S. 1004, 106 S.Ct. 523, 88 L.Ed.2d 456 (1985). 18 U.S.C. § 1001 imposes criminal penalties on one who (1) makes a statement that (2) was false, (3) was material, (4) was made knowingly and willfully, and (5) was made in a matter within the jurisdiction of any department or agency of the United States. *United States v. Petullo*, 709 F.2d 1178, 1180 (7th Cir.1983). All three counts set forth all of the elements of an offense under § 1001. Yet, Antonucci seeks dismissal of the indictment under the "exculpatory no" exception to § 1001. The Seventh Circuit, although not actually applying the exception, defined the exception as follows:

> [T]he doctrine is limited to simple negative answers, without affirmative discursive falsehood, under circumstances indicating that the defendant is unaware that he is under investigation, and is not making a claim against, or seeking employment with the government.

*United States v. King*, 613 F.2d 670, 674 (7th Cir.1980) (citations omitted). In order to show that he made only "exculpatory no" answers to the FBI agents' questions, Antonucci attaches three FBI reports as exhibits to his motion to dismiss. In effect, the defendant, rather than challenging the *sufficiency of the indictment*, is seeking a

review of the *sufficiency of the government's evidence* prior to trial. At the motion to dismiss the indictment stage, however, we cannot decide as a matter of law something which turns on the specific facts of this case. The testimony at trial may be *precisely the same* as the FBI reports. Then again, it may not. In any event, an indictment sufficient on its face cannot be successfully challenged on the basis that the government may not meet its burden of proof. For this reason, we must deny the motion to dismiss the indictment on the basis of the "exculpatory no" exception.[1]

For the reasons noted above, we deny defendant's motion to dismiss the indictment. It is so ordered.

---

1. Although we do not so decide, it would seem after just a review of the FBI reports that the "exculpatory no" exception would not apply in this case. It does not appear that defendant made "simple negative answers" without offering affirmative discursive statements that were false.