THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAROLD YARBROUGH, Defendant-Appellee.

Fifth District   No. 5—86—0680

Opinion filed November 5, 1987.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen
E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Donald E. Groshong, of Alton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The State appeals from a dismissal of its indictment by the circuit
court of Fayette County charging defendant Darold Yarbrough with

the offense of communicating with a juror. (Ill. Rev. Stat. 1985, ch. 38, par. 32—4(a).) The State raises the issue of whether a charge alleging the offense of communicating with a juror is sufficient if it is couched in the language of the statute. This court affirms.

On January 24, 1986, the State filed an information charging defendant with the offense of communicating with jurors in that

"the said defendant without legal justification and with the intent to influence Doug Sitter, a juror, communicated indirectly with Doug Sitter regarding a case in which Doug Sitter was summoned as a juror."

On February 18, 1986, the State filed an indictment charging defendant with the same offense using the same language.

On April 1, 1986, the State filed a motion for discovery. Defendant filed his motion for discovery on September 2, 1986. The State filed its answer to defendant's discovery motion listing 12 witnesses and referring to various reports. On October 7, 1986, defendant filed his answer to the State's discovery motion.

On October 7, 1986, defendant filed a motion *in limine*, a motion for bill of particulars and a motion to dismiss. In defendant's motion to dismiss, he alleged that the indictment was insufficient because it was couched only in the language of the statute. After a hearing on the motions, the trial court granted defendant's motion to dismiss and, in doing so, stated in part:

"I think because of the generality of the statutory language in this case itself that more is required than the state [*sic*] has alleged to state an offense."

From this order, the State appeals.

The State argues that a charge alleging the offense of communicating with a juror is sufficient if couched in the language of the statute. Defendant argues that the indictment failed to state a cause of action under the existing law.

■■ Section 111—3 of the Code of Criminal Procedure of 1963 provides that a charge shall allege the commission of an offense by setting forth the nature and elements thereof. (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3).) In determining the sufficiency of an indictment, this court must keep in mind the purpose of the charging instrument, which is to inform the accused of the nature of the charges against him so as to enable him to prepare his defense and to allow any subsequent judgment flowing therefrom to be used as a bar to further prosecution for the same conduct. (*People v. Sherman* (1982), 110 Ill. App. 3d 854, 857, 441 N.E.2d 896, 899.) In addition, the indictment may incorporate the statutory language of the charge so

long as it describes with reasonable certainty the type of conduct alleged. (*People v. Wisslead* (1985), 108 Ill. 2d 389, 394, 484 N.E.2d 1081, 1083.) In this case, this court finds that the indictment was insufficient to inform defendant of the nature of the charges against him.

■■ ■ It is well established that a charge couched in the language of the statute is insufficient, if the statute only defines the crime in general terms. (*People v. Grieco* (1970), 44 Ill. 2d 407, 410, 255 N.E.2d 897, 899, *cert. denied* (1970), 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49.) Certain crimes cannot be charged solely in the language of the statute: reckless driving, *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278; official misconduct, *People v. Isaacs* (1967), 37 Ill. 2d 205, 226 N.E.2d 38; disorderly conduct, *People v. Oswald* (1979), 69 Ill. App. 3d 524, 387 N.E.2d 886; perjury, *People v. Aud* (1972), 52 Ill. 2d 368, 288 N.E.2d 453. On the other hand, where the statute defining an offense specifies the type of conduct prohibited, the particular act need not be alleged. See, *e.g.*, *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897 (battery); *People v. Bradley* (1984), 128 Ill. App. 3d 372, 470 N.E.2d 1121 (indecent liberties with a child).

■■ In this case, the charge of communicating indirectly with a juror cannot be charged solely in the language of the statute. The indictment lacks a description of the specific illegal conduct. As the indictment stands, defendant cannot prepare a defense, especially since the indictment stated that he "indirectly" communicated with a juror.

At the hearing, defense counsel stated that defendant was not at the courthouse that day. The State acknowledged the argument but stated that the indictment as it read negated defendant's presence. Yet, the indictment did not allege any facts. The substance of the offense of communicating with a jury is the communication itself. Without any factual allegations regarding the specific conduct prohibited, the defendant cannot prepare his defense. Allegations regarding the communication or the words which constitute the offense are essential elements of the offense. Thus, an indictment couched in the language of the statute for the offense of communicating with a juror is insufficient.

This case is similar to *People v. Aud* (1972), 52 Ill. 2d 368, 288 N.E.2d 453. In *Aud* the court held that an indictment for perjury which did not set forth the alleged false statement, either verbatim or in substance, was insufficient. In this case, the indictment did not allege the communication and as such was insufficient.

In the State's argument, it seeks to condemn every act of communicating with a juror as criminal. However, this court finds the State's

attempted differentiation between the act of communicating and the communication itself is without merit because the substance of the offense is the communication. That communication must involve an attempt to influence a juror. Defendant cannot be apprised of the exact nature of the offense without the indictment's alleging the specific communication. If defendant wants any more details, such as the case in which Doug Sitter was a juror, he can move for a bill of particulars. In this case, a bill of particulars would have to supply the essential elements of the charge and such use of a bill of particulars is beyond its purpose. See *People v. Aud* (1972), 52 Ill. 2d 368, 370, 288 N.E.2d 453, 454.

For the foregoing reasons, the order of the circuit court of Fayette County is affirmed.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.