THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY SCOTT JACKIEWICZ, Defendant-Appellant.

Fourth District No. 4—87—0311

Opinion filed December 17, 1987.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Larry Jackiewicz, was charged by information with obstructing justice in violation of section 31—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a)) for obstructing the criminal prosecution of David Jackiewicz. He was found guilty of that offense in Macon County circuit court March 16, 1987, and sentenced to one year's imprisonment with credit for time already served. He appeals. We affirm the decision of the trial court.

The incident in question arises from an event surrounding an apparent dispute on November 9, 1986, between David Jackiewicz (David), defendant's brother, and Violet Eastwood, his former girlfriend. The facts are generally uncontroverted.

Defendant was charged by information November 14, 1986, with obstructing justice on November 12, 1986, with the intent to obstruct David's prosecution. The State accused defendant of furnishing false information to Brian Bell, an officer of the Decatur police depart-

ment, relating to David's possession of a handgun on November 9, 1986, during separate incidents occurring in Decatur in which David allegedly threatened Eastwood and her companion, George Leggions. During the second incident, in which David threatened Leggions, defendant allegedly took the gun from his brother. Defendant was charged with obstructing justice after he told Bell David did not possess a gun and that no gun was involved in the November 9 incidents.

Section 31—4(a) of the Code states:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, furnishes false information ***." Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a).

 █ The prosecution, in order to prove an obstructing justice charge, must prove (1) defendant knowingly furnished false information, and (2) it was furnished with the intent to obstruct the prosecution of David. (*People v. Gray* (1986), 146 Ill. App. 3d 714, 716, 496 N.E.2d 1269, 1270.) On appeal, a presumption of validity accompanies a finding of guilty. Resolution of factual disputes and the assessment of the credibility of witnesses is for the trier of fact and a reviewing court will not reverse a conviction unless evidence is so unsatisfactory or improbable that a reasonable doubt as to the defendant's guilt remains. *People v. Molstad* (1984), 101 Ill. 2d 128, 461 N.E.2d 398; *People v. Gray* (1986), 146 Ill. App. 3d 714, 716, 496 N.E.2d 1269, 1270.

Defendant claims on appeal his statements to Bell come within the exculpatory denial exception articulated in *People v. Brooks* (1977), 51 Ill. App. 3d 800, 367 N.E.2d 236. In *Brooks*, the defendants were arrested following a shooting at a Rockford service station. After being given *Miranda* warnings and signing waivers, the defendants denied they were at the station on the date of the occurrence, that they had been in a fight, or knew about a gun or a shooting. The reviewing court reversed the obstructing justice convictions, ruling that the answers that formed the basis for the conviction were made after defendants had been charged with attempt (murder). Defendants had been expressly told they were being questioned about the gas station shooting. The court concluded the legislature did not intend to include exculpatory denials of guilt in the obstructing justice statute. Since defendants were the targets of investigation, truthful answers would have amounted to a confession of guilt. The court did not exclude the possibility the statute might be violated if a defendant's answers went beyond the limits of his own involvement in the crime

charged, either directly or by accountability, therefore beyond his own denial of wrongdoing. 51 Ill. App. 3d at 805, 367 N.E.2d at 239.

Defendant attempts to fit his statements to Bell within the exculpatory denial exception. Defendant attempts to prove his argument by stating he was guilty of two other crimes. There is no evidence in the record defendant was charged with any of David's offenses on an accountability theory. Furthermore, although it may be apparent from the record defendant carried a firearm within the Decatur city limits in violation of section 24—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 24—1(a)(10)), defendant was not charged with that offense. In fact, the record shows defendant was expressly told his possession of the weapon was not being considered as the basis for a possible charge.

This case is distinguishable from *Brooks*. The defendants in that case had already been arrested prior to the questioning which resulted in the obstruction of justice charges. In this case, defendant had not been arrested, but was merely being questioned about his knowledge of evidence in the case against David.

■ The obstruction of justice statute requires more than the giving of false information to the police. It requires that when the false information is given, it must be given with the intent to prevent the prosecution of any person and with the knowledge the information was untrue. State of mind or intent need not be proved by direct evidence, but can be inferred from the proof of surrounding circumstances. *People v. Shields* (1955), 6 Ill. 2d 200, 127 N.E.2d 440; *People v. Gray* (1986), 146 Ill. App. 3d 714, 717, 496 N.E.2d 1269, 1271.

Carolyn Pirtle and Ella Yarberry, who were present at the time of the occurrence, testified David threatened Eastwood with a gun in the early hours of November 9. Shortly thereafter, David threatened Leggions with a gun which defendant then took from his brother. Pirtle testified defendant waved the gun in the air, stating "there wasn't nobody going to do nothing to [my] brother." Pirtle and Yarberry stated David was then prevailed upon to discuss the matter at Eastwood's residence. As the group broke up, both women heard, but did not see, a gunshot.

Leggions testified David pointed a gun at him in an alley near the intersection of Illinois and Grand Avenues. He testified defendant approached, told David not to shoot, and took the gun from David. Leggions saw the gun in defendant's possession and heard it go off. Pirtle, Yarberry and Leggions testified they heard defendant exclaim he had shot himself in the foot.

In *Gray*, the defendant was convicted of obstructing justice for

giving false information relating to two murder suspects. The court stated intent to obstruct justice can be inferred from proof of surrounding circumstances. (*People v. Gray* (1986), 146 Ill. App. 3d 714, 717, 496 N.E.2d 1269, 1271.) One of the murder suspects in *Gray* was the alleged father of defendant's unborn child, and the other suspect was a cousin. In addition, defendant lived in a household which included both suspects. The court ruled this provided a reasonable inference that Gray believed withholding the evidence would prevent the prosecution of the suspects.

▪ In the case at bar, evidence adduced at trial clearly indicated David possessed a gun on the night of November 9, 1986, during an incident in which David threatened Leggions with that gun. Leggions stated he saw defendant take the gun away from David. Pirtle and Yarberry said they saw defendant waving a gun in the air. Bell also testified he seized a pair of sneakers and a sock from defendant's home. The left sneaker contained a bullet hole in the inner arch, and one in the top part of the sole. Similarly, a sock found near the shoes contained two holes in the inside of the left arch. One hole was surrounded by a red stain. A photograph of defendant's left foot taken during defendant's booking was admitted into evidence. The photograph shows a wound in the inner arch area. The evidence supports the trial court's conclusion the defendant knowingly furnished false information when he told Bell twice on November 12, 1986, that no gun was used in the November 9 incident. Intent can be inferred from the fact David was defendant's brother, and defendant had shown an interest in protecting his brother as shown by Pirtle's testimony. The State met its burden of proof.

▪ Defendant testified he made no statement about a gun when asked by Bell because he was "exercising his rights" to remain silent. Defendant's claim he was exercising his rights, however, is belied by the fact defendant failed to remain silent. Defendant testified he told Bell he drove the car used on November 9 to pursue Eastwood and Leggions. Pirtle, Yarberry and Leggions testified defendant and David were in that car. Pirtle stated she saw David exit his automobile, approach the driver's side of Eastwood's vehicle, and point a gun at Eastwood. The evidence was sufficient to prove defendant's guilt beyond a reasonable doubt.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.