THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LARRY GERDES, Defendant-Appellee.

Fifth District   No. 5—87—0367

Opinion filed August 11, 1988.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R.

Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Defendant, Larry Gerdes, was charged by information with obstruction of justice in violation of section 31—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 31—4(a)). Pursuant to section 114—1(a)(8) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(8)), defendant moved to dismiss that information on the grounds that it failed to state an offense. Following a hearing, defendant's motion was granted. The State now appeals. (107 Ill. 2d R. 604(a)(1).) We affirm.

The record before us shows that on June 2, 1986, while confined in the Saline County jail, defendant was interviewed by Officer Lloyd Cullison of the Eldorado, Illinois, police department. During that interview, which was tape-recorded, defendant claimed, among other things, that James Butler had asked him "to burn [Butler's] house for him," in exchange for which Butler offered to pay defendant $50 and to forgive a debt which defendant owed. Defendant further claimed that he subsequently burned the house down, as requested, and that Butler paid him the money he had been promised.

Ten days later, on June 12, 1986, Gerdes was interviewed by other members of the Eldorado police department, this time at "Jim Hamblins Garage" in Norris City, Illinois. During this second interview, defendant repeated his claims that he had been paid by Butler to burn Butler's house down. He provided additional details as to how he started the fire and indicated that Butler wanted the house "torched" so that he (Butler) could collect insurance money.

Based upon these interviews, Butler was charged by information with the crime of arson in connection with the burning of his house. Butler subsequently moved to dismiss the information, and a hearing on his motion was held by the circuit court of Saline County on February 27, 1987. At that hearing, an affidavit executed by defendant was submitted to the court by Butler's attorney. The affidavit, notarized by Charlene Ferrell, secretary to Butler's attorney, and dated July 25, 1986, stated:

"1. I [,] [Larry Gerdes,] falsely accused James Butler of Eldorado, Illinois of asking me to burn his house at 1110 Beulah

Street in Eldorado, Illinois.

2. James L. Butler has never requested or asked me to burn his home.

3. I was scared by the charges the police were making against me and for that reason I told them that James L. Butler had asked for my help in burning his house.

4. James L. Butler never agreed with me to the commission of arson.

5. James L. Butler never provided or promised to me anything in exchange for committing arson.

6. Nothing has been given me or promised me in exchange for this statement.

7. Further affiant sayeth not."

Defendant was present in court with his attorney when his affidavit was submitted. The State's Attorney called defendant as a witness to testify about the affidavit and the statements which defendant had previously given to the Eldorado police. Because related arson charges had been filed against defendant by this time, his attorney advised him against testifying. Despite this advice, defendant agreed to take the stand.

During his testimony, defendant confirmed that he had lied when he told police officers that Butler had paid him to burn down his house. He explained that the police had offered to give him "a deal" and let him out of jail if he "turned State's evidence" and that he had lied to the police "just to get out of jail."

In light of defendant's affidavit and testimony, the State's Attorney moved for dismissal of the charges against Mr. Butler. That motion was granted. At the same time, however, the State's Attorney asked that defendant be arrested for obstruction of justice. The court thereupon signed an arrest warrant, and defendant was taken into custody.

The actual charges against defendant were set forth in an information filed February 27, 1987, the same day on which the charges against Butler were dismissed. The body of the information stated:

"That on July 25, 1986, in Saline County, Larry Gerdes committed the offense of OBSTRUCTING JUSTICE in that the said defendant, with the intent to obstruct the prosecution of James Butler, knowingly furnished false information to Lloyd Cullison as to his (the defendant's) statements in which he accused James Butler of Arson by swearing in an affidavit, notarized by Charlene Ferrell, that he lied in such statements about James Butler's involvement in the criminal offense of Arson in

violation of paragraph 31—4(a), Chapter 38, Illinois Revised Statutes.''

After the information was filed and defendant was arrested, his attorney initiated discovery, which resulted in disclosure of the June 2 interview given by defendant while he was in jail, as well as the police report concerning the statements given by defendant at Jim Hamblins Garage on June 12. Also disclosed was defendant's affidavit of July 25 in which he stated, among other things, that the accusations he had previously made against Butler were false and that Butler "never agreed with me to the commission of arson.''

Once these disclosures had been made, defendant promptly moved to dismiss the information. Although the statutory basis for that motion was not specified, it was apparently brought pursuant to section 114—1(a)(8) of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(8)), which authorizes the circuit court to dismiss an indictment upon the written motion of the defendant made prior to trial where the charge does not state an offense.

Following a hearing, the circuit court granted defendant's motion and dismissed the charge of obstructing justice. The circuit court's judgment of dismissal was memorialized in a written order filed on May 6, 1987. In that order, the circuit court assumed that the information filed by the State was premised on the affidavit given by defendant on July 25, 1986, not the previous, unsworn statements which he had given to the Eldorado police. The circuit court viewed the affidavit as an attempt by defendant to deny not only James Butler's involvement in the arson, but his own involvement as well. Accordingly, the circuit court reasoned that the statements made by defendant in his affidavit fell within the so-called "exculpatory denial" doctrine and therefore could not serve as the predicate for a charge of obstructing justice. Based upon this reasoning, the circuit court concluded that the information failed "to state a cause of action against [d]efendant," was constitutionally void, and therefore could not be allowed to stand. Pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), the State now appeals.

■ Where, as here, the sufficiency of an information has been successfully attacked in a pretrial motion pursuant to section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 114—1), the question on review is whether the information complied with the provisions of section 111—3 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 111—3), which sets forth the requirements for charging an offense. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 669, 416 N.E.2d 285, 286.) Section 111—3 (Ill. Rev. Stat. 1985, ch. 38, par. 111—3) re-

quires that a charge be in writing, that it state the name of the offense, that it cite the statutory provision alleged to have been violated, that it set forth the nature and elements of the offense charged, that it state the date and county of the offense as definitely as can be done, and that it state the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty. *People v. Smith* (1984), 99 Ill. 2d 467, 470, 459 N.E.2d 1357, 1359.

■ In this case, defendant was charged with obstructing justice in violation of section 31—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a)), which provides:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, furnishes false information ***."

The offense was alleged to have taken place on July 25, 1986, in Saline County, and defendant, the accused, was identified in the information by name. No question is raised as to the adequacy of the manner in which these matters were set forth in the information. Rather, the dispute centers on the sufficiency of the allegations regarding the "nature and elements of the offense."

■ In addressing this issue, we are mindful that the purpose of a charging instrument is to inform the accused of the nature of the charges against him so as to enable him to prepare his defense and to allow any subsequent judgment flowing therefrom to be used as a bar to further prosecution for the same conduct. (*People v. Yarbrough* (1987), 162 Ill. App. 3d 748, 749, 516 N.E.2d 607, 608.) The precise allegations necessary to accomplish these ends may vary depending upon the statutory provision alleged to have been violated and the nature of the offense. (*People v. Fox* (1983), 117 Ill. App. 3d 1084, 1085, 454 N.E.2d 824, 825.) Where, for example, the statute defining an offense specifies the type of conduct prohibited, the particular act at issue need not be alleged, and the information may simply set out the offense in the language of the statute. Where, on the other hand, the statute defines the offense only in general terms, a charge couched in the language of the statute is insufficient. The facts which constitute the crime must be specifically set forth. *Yarbrough*, 162 Ill. App. 3d at 750, 516 N.E.2d at 608.

■ Obstructing justice by "furnishing false information," the offense with which defendant here was charged, falls within this latter category of statutory violations. (*Cf. People v. Lyda* (1975), 27 Ill.

App. 3d 906, 912, 327 N.E.2d 494, 499 (obstructing justice by destroying physical evidence); *People v. Fox* (1983), 117 Ill. App. 3d 1084, 1086, 454 N.E.2d 824, 825 (obstructing a police officer); *People v. Yarbrough* (1987), 162 Ill. App. 3d 748, 750, 516 N.E.2d 607, 608 (communicating with a juror); *People v. Aud* (1972), 52 Ill. 2d 368, 370-71, 288 N.E.2d 453, 454-55 (perjury).) Accordingly, the State was required to identify the particular "false information" which it claims defendant furnished and to do so with sufficient specificity or particularity so that defendant would be able to prepare his defense and be protected against a subsequent prosecution for the same crime. Apparently it was because of this requirement that the State included in the information here the allegation that defendant "furnished false information to Lloyd Cullison as to his (the defendant's) statements in which he accused James Butler of Arson by swearing in an affidavit, notarized by Charlene Ferrell, that he lied in such statements about James Butler's involvement in the criminal offense of Arson [.]" In our view, however, this allegation lacks the specificity and particularity which the law requires.

The allegation refers to the affidavit given by defendant and notarized by Charlene Ferrell, and the information gives as the date of the offense July 25, 1986, which is when the affidavit was executed. At the same time, the allegation also refers to the previous statements given by defendant to Lloyd Cullison. As we have indicated, and as the language of the information itself makes clear, the assertions made by defendant in his affidavit directly contradict the statements which he made to Cullison. In his statements to Cullison, defendant accused James Butler of arson. In his affidavit, defendant recanted his accusations against Butler. In the words of the information, defendant swore in the affidavit "that he lied in such statements about James Butler's involvement in the criminal offense of Arson." A question therefore arises as to which set of statements made by defendant was intended to serve as the basis for his prosecution, the one inculpating Butler or the one exonerating him.

As noted at the outset of this opinion, the circuit court understood the statements set forth in defendant's affidavit to be the predicate for the charge against him. Based upon the various materials submitted to it, including the affidavit itself, the court determined that the statements made by defendant in his affidavit had the effect of exculpating not only James Butler, but defendant himself. Accordingly, the court held that those statements fell within the so-called "exculpatory denial" exception to the obstructing justice statute and could not serve as the basis for holding defendant criminally liable.

■ Basically, the "exculpatory denial" doctrine provides that an individual may not be prosecuted for obstructing justice for falsely denying to police or investigative authorities (1) that he was involved in a crime, or (2) that some other person was involved in a crime and that crime is inextricably connected with the charge against him. (See *People v. Brooks* (1977), 51 Ill. App. 3d 800, 804-05, 367 N.E.2d 236, 239; *People v. Toolen* (1983), 116 Ill. App. 3d 632, 650, 451 N.E.2d 1364, 1377.) The State argues, and we agree, that the circuit court should not have relied upon the availability of this defense in dismissing the information. The possible existence of an "exculpatory denial" defense is not apparent from the face of the information itself. The text of the information indicates only that defendant had accused James Butler of committing arson and that he had lied when making that accusation. There is absolutely no indication that the initial accusation or the subsequent recantation might exculpate defendant. To reach the result it did, the circuit court therefore had to look beyond the face of the information and to consider the evidence which was presented to it. This was improper.

■ The purpose of a motion to dismiss an information for failure to state an offense under section 114—1(a)(8) of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(8)) is to challenge the sufficiency of the allegations in the charging instrument, not the sufficiency of the evidence. (See *United States v. Antonucci* (N.D. Ill. 1987), 663 F. Supp. 243, 245.) Although a trial court may consider grand jury proceedings or the evidence presented at such proceedings for limited purposes where a defendant has alleged that there was no evidence presented to the grand jury connecting him to the offense for which an indictment was returned (*People v. Lightner* (1986), 145 Ill. App. 3d 741, 744, 496 N.E.2d 269, 271), there were no grand jury proceedings here. Defendant was charged in an information. Moreover, even the foregoing rule does not authorize a court, at the motion to dismiss stage, "to recognize and act upon any defenses it considers may exist to the indictment under the evidence there presented." 145 Ill. App. 3d at 745, 496 N.E.2d at 272.

■ The merits of a case are not meant to be decided in the vacuum of a motion to dismiss (*People v. Rose* (1976), 44 Ill. App. 3d 333, 338, 357 N.E.2d 1342, 1347) or before the State has had an opportunity to present all of its evidence (see *People v. Williams* (1978), 65 Ill. App. 3d 247, 248, 382 N.E.2d 576, 577). Putting aside the question of whether defendant might ultimately be able to establish an "exculpatory denial" defense, we must therefore conclude that the trial court erred in relying upon that defense in ruling as it did.

■ Although we believe that the trial court should not have looked beyond the face of the information in deciding to dismiss the charge against defendant, it does not necessarily follow that the circuit court's judgment must be reversed. The fact that a court has improperly received evidence in weighing a defendant's motion cannot validate a complaint that fails to charge an offense. (*People v. Fink* (1982), 91 Ill. 2d 237, 241, 437 N.E.2d 623, 625.) Moreover, as have often been held, "It is the lower court's judgment, not the reasons therefore which is before us on review." (*People v. Gardner* (1977), 56 Ill. App. 3d 606, 609, 371 N.E.2d 1164, 1165.) Accordingly, we may affirm the trial court when correct for any reason appearing in the record even though the trial court's decision may be based on improper reasoning. (*People v. Treece* (1987), 159 Ill. App. 3d 397, 413, 511 N.E.2d 1361, 1371.) In this case, the circuit court's decision to dismiss the information was correct.

■ The references to defendant's affidavit as well as to his prior statements to the police suggest that the drafters of the information in this case were guided by the standards applicable to perjury. A charge of perjury may be supported by proof of two inconsistent statements. It is not necessary for the State to show which statement is false. (*People v. Ricker* (1970), 45 Ill. 2d 562, 564, 262 N.E.2d 456, 459.) In the case of obstruction of justice, however, the State must show not only that a statement is false, but also that it was made with the intent to obstruct a prosecution and with knowledge of its falsity. (See *People v. Jackiewicz* (1987), 163 Ill. App. 3d 1062, 1065, 517 N.E.2d 316, 318.) In other words, the State must prove that the same statement which is false was made with the requisite knowledge and intent. All three elements, falsity, knowledge of falsity, and intent, must converge. Thus, for example, furnishing information which is false will not constitute a violation of the obstruction of justice statute unless that information was furnished with the intent to obstruct a prosecution. Likewise, there can be no violation of the statute even with proof of an intent to obstruct a prosecution where the information furnished with such intent is not, in fact, false. The information here fails to take these requirements into account.

■ If, as the trial court believed, the statements by which defendant in this case intended to obstruct the prosecution of James Butler consisted of those contained in his affidavit, the information is deficient because there is no allegation that those statements were false. From the language of the information, it appears that the reference to "false information" pertains to the statements made by defendant to Lloyd Cullison in which defendant accused Butler of ar-

son. The information seems to indicate that the substance of the affidavit is true. Indeed, the affidavit was apparently mentioned only to show the basis for the State's claim that defendant had, in fact, lied when he related his accusations against Butler to Cullison.

If, however, the information is construed as being premised on the previous allegations made by defendant to Lloyd Cullison, and not on the statements in the affidavit, the information is still defective, although for a somewhat different reason. There is no dispute that the initial statements made by defendant to Cullison, in which defendant accused Butler of arson, served as the basis upon which Butler was prosecuted. That is, those statements facilitated Butler's prosecution. They did not obstruct it. One might argue that those allegations did have the effect of obstructing James Butler's defense, and the obstruction of justice statute does cover acts which obstruct the "defense of any person" as well as the prosecution of a person. In this case, however, the information makes no reference to Butler's defense. Rather, it specifically alleges that defendant acted with the "intent to obstruct the prosecution of James Butler ***." Because the State has failed to explain how the inculpatory statements made by defendant to Cullison could possibly have done anything but aid in Butler's prosecution, we fail to see how those statements, even if false, could possibly have been made with the intention of obstructing Butler's prosecution.

On this appeal, the defendant suggests that the information is, at best, "inartfully" drafted. We think it is virtually incomprehensible. Even if it could be construed as referring unambiguously to one set of statements by defendant or the other, the problem would thus still remain that it fails to adequately set forth the elements of the crime of obstructing justice. To require that a person be properly informed of "the nature and cause" of criminal accusations made against him is no mere technicality. It is mandated by the Federal (U.S. Const., amend. VI) and State (Ill. Const. 1970, art. I, §8) Constitutions. (*People v. Smith* (1984), 99 Ill. 2d 467, 470, 459 N.E.2d 1357, 1359.) Accordingly, we are bound to conclude, as did the trial court, that the information at issue here cannot be allowed to stand.

For the foregoing reasons, the judgment of the circuit court of Saline County is affirmed.

Affirmed.

LEWIS and CALVO, JJ., concur.