THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROGER LEE SPARKS, Defendant-Appellee.

Third District    No. 3—90—0851

Opinion filed November 27, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Morelli & Cook, of Aurora (Fred M. Morelli, Jr., of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Roger Lee Sparks, was indicted for criminal sexual assault (count I) and criminal sexual abuse (count II) in violation of sections 12—13(a)(4) and 12—15(c), respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, pars. 12—13(a)(4), 12—15(c)). The trial court dismissed count I of the indictment by finding the State failed to state an indictable offense. The State claims the trial court erred. We disagree and affirm.

Count I of the indictment alleged that Sparks

"being a person over the age of 17 years, and having held a position of trust in relation to [C.C.], he committed an act of sexual penetration with [C.C.], a person who was at least 13 years of age, but under 18 years of age when the act was committed, by placing his penis in the vagina of [C.C]."

Sparks moved to strike count I claiming, among other things, that as a matter of law, he was not in a position of "trust."

The prosecutor argued that this "trust" relationship was inferred or imputed because Sparks was the nephew of the victim's live-in baby-sitter. In addition, Sparks knew the victim for eight or nine years.

A trial judge may dismiss criminal charges prior to trial only for the reasons set forth in section 114—1 of the Code of Criminal Proce-

dure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—1). Section 114—1 of the Code of Criminal Procedure of 1963 provides in pertinent part:

"114—1. Motion to dismiss charge. (a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;

(2) The prosecution of the offense is barred by Sections 3—3 through 3—8 of the 'Criminal Code of 1961', approved July 28, 1961, as heretofore and hereafter amended;

(3) The defendant has received immunity from prosecution for the offense charged;

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant;

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant;

(6) The court in which the charge has been filed does not have jurisdiction;

(7) The county is an improper place of trial;

(8) The charge does not state an offense;

(9) The indictment is based solely upon the testimony of an incompetent witness;

(10) The defendant is misnamed in the charge and the misnomer results in substantial injustice to the defendant[;]

(11) The requirements of Section 109—3.1 have not been complied with." (Ill. Rev. Stat. 1989, ch. 38, par. 114—1.)

Otherwise, the court may only dismiss charges when there has been a clear denial of due process which prejudices a defendant. (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) One of the grounds for dismissal enumerated in section 114—1 of the Code of Criminal Procedure of 1963, upon which the trial court relied, is that the charge does not state an offense. Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(8).

When the sufficiency of an indictment is challenged in a pretrial motion, the standard of review is to determine whether the indictment complies with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3), which requires that the charge be in writing and state the name of the offense, the statutory provision allegedly violated, the name of the accused and the

date and county of the offense, and set forth the nature and elements of the offense. If the indictment meets these criteria, it should not be dismissed. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285.) The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the charging instrument, not the sufficiency of the evidence. *People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 527 N.E.2d 1310.

■■ ■ We find the indictment was properly dismissed because it failed to state an offense. Specific facts constituting the crime must be set forth in the charging document. (*People v. Yarbrough* (1987), 162 Ill. App. 3d 748, 516 N.E.2d 607.) Section 12—13(a)(4) of the Criminal Code of 1961 states:

"Criminal Sexual Assault. (a) The accused commits criminal sexual assault if he or she:

\* \* \*

(4) commits an act of sexual penetration with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or over and held a *position of trust, authority or supervision* in relation to the victim." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(4).

In the present appeal, the trust relationship between Sparks and C.C. has not been adequately defined in the indictment. The State is required to identify, define, or indicate the particular "trust" relationship which it claims Sparks possessed over C.C. and to do so with specificity or particularity. (*People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 527 N.E.2d 1310.) One of the purposes of an indictment is to advise the accused of the nature of the charge so that he will be able to adequately prepare his defense. (*People v. Miles* (1981), 96 Ill. App. 3d 721, 422 N.E.2d 5.) The indictment contained insufficient factual allegations concerning the nature of the trust relationship between Sparks and C.C.

Count I does not state an offense because the term "position of trust" is not defined within the indictment. Without providing the definition of "position of trust" to Sparks, he would not be able to adequately prepare his defense or fully understand the charges against him.

Based upon section 12—13(a)(4) of the Criminal Code of 1961, the term "position of trust" would not necessarily apply to Sparks' relationship with C.C. (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(4).) Neither that section, nor the related sections of the Code, define the term "position of trust." Without such a definition being located in

the indictment itself, or within the statute, the offense of "criminal sexual assault" was not sufficiently described so that Sparks would understand what he had been charged with. *People v. Grear* (1968), 98 Ill. App. 2d 372, 240 N.E.2d 329, *rev'd on other grounds* (1969), 42 Ill. 2d 578, 248 N.E.2d 661.

A criminal offense may be charged using the language of a statute if the statute specifically describes the forbidden activity. (*People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 418 N.E.2d 880.) If the statute does not describe acts which constitute the offense, then language in addition to the statute must be alleged. *People v. Harris* (1974), 19 Ill. App. 3d 531, 311 N.E.2d 789.

For the reasons herein contained, the circuit court of Will County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.