**UNITED STATES of America**

v.

**Denise A. BLEILER, Defendant.**

**No. 94–CR–259 FJS.**

United States District Court,
N.D. New York.

Dec. 16, 1994.

Andrew T. Baxter, Asst. U.S. Atty., Office of United States Atty., Syracuse, NY, for United States.

James R. McGraw, Office of James R. McGraw, Syracuse, NY, for Denise A. Bleiler.

### DECISION AND ORDER

SCULLIN, District Judge.

Defendant Denise A. Bleiler was the "Site Manager" for Rolling Green Estates/Sunset Terrace ("Rolling Green"), a low-income housing complex in Syracuse, New York managed by Interstate Realty Management ("IRM") of Marlton, New Jersey. IRM applied for and received monthly rent subsidies from the United States Department of Housing and Urban Development ("HUD") for each rented unit at Rolling Green.

Defendant is charged in an eleven count indictment filed on July 13, 1994. Counts one through ten of the indictment allege that on ten separate specific occasions set out in the indictment defendant Denise Bleiler

did knowingly and willfully cause IRM to make false material statements and representations in Housing Owner's Certifications & Applications for Housing Assistance Payments ... relating to Rolling Green—each such false statement giving rise to a separate count ...—in that she caused IRM to report certain housing units at Rolling Green as occupied in support of a claim for regular housing assistance payments ..., whereas, as the defendant ... knew, these units were vacant.

Count eleven charges that on or about October 13, 1993, Bleiler did knowingly and willfully make false material statements and representations, during an interview conducted by Special Agents Mark T. Park and Philip Looney of the Federal Bureau of Investigation. Defendant is charged with falsely representing that she never instructed subordinate employees of IRM to fail to recognize and document certain vacant units at Rolling Green unless and until they had a new tenant ready to occupy the vacated unit. Further it is alleged that she falsely stated that she never instructed IRM employees to backdate vacancy dates on IRM records to ensure that recognized vacancies did not exceed three days.

Defendant Bleiler filed an omnibus motion and the government responded in opposition. After a thorough review of the parties' motion submissions and the governing law it is hereby

ORDERED, that the defendant's motion for a bill of particulars is DENIED, on the grounds that the indictment and the information that the government has provided to the defendant is sufficiently specific to allow her to prepare a defense with reasonable diligence. See United States v. Panza, 750 F.2d 1141, 1148 (2d Cir.1984); United States v. Konefal, 566 F.Supp. 698, 702–03 (N.D.N.Y.1983). A bill of particulars should not be used as a general investigative tool. United States v. Torres, 901 F.2d 205, 233–34 (2d Cir.1990). It is further

ORDERED, that the defendant's general discovery request is DENIED as moot on the grounds that the government has represented to this court that all material discoverable under Fed.R.Crim.P. 16 has been provided to Bleiler. In denying this motion, the court observes that the Government has recognized its continuing obligation under the Jencks Act, codified at 18 U.S.C. § 3500; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Fed.R.Crim.P. 16(a); and other governing authorities, to provide defendant with supplemental discoverable material it may receive prior to trial. It is further

ORDERED, that Bleiler's request for the disclosure of co-conspirator statements is

DENIED on the ground that statements made by co-conspirators are not discoverable under Fed.R.Crim.P. 16. *See United States v. Percevault,* 490 F.2d 126 (2d Cir.1974); *In re United States,* 834 F.2d 283, 286–87 (2d Cir.1987). It is further

■ ORDERED, that defendant's motion for discovery of seized evidence is DENIED as moot, because the government denies having conducted any method of electronic surveillance and denies having possession of any of the defendant's property, tangible or otherwise, obtained as a result of a search or seizure. It is further

■ ORDERED, that the defendant's motion to compel the Government to provide a witness list is DENIED because of defendant's failure to make a "specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone,* 528 F.2d 296, 301 (2d. Cir.1975); *see also United States v. Bejasa,* 904 F.2d 137, 139–40 (2d Cir.), cert. denied, 498 U.S. 921, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990). It is further

■ ORDERED, that defendant's motion for the disclosure of evidence admissible under Fed.R.Evid. 404(b) that the Government intends to introduce at trial is DENIED as premature. It is further

■ ORDERED, that defendant's motion for disclosure of evidence admissible under Fed.R.Evid 608, 609 is DENIED as premature. It is further

■ ORDERED, that defendant's motion to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient to establish that defendant committed the offenses charged is DENIED. An indictment, valid on its face, may not be dismissed before trial based on allegations that the grand jury relied on incompetent or insufficient evidence. *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408–09, 100 L.Ed. 397 (1956). It is further

■ ORDERED, that defendant's motion to dismiss count 11 of the indictment or in the alternative, for an evidentiary hearing to determine the applicability of the "exculpato-

ry no" doctrine is DENIED. The Second Circuit has not yet embraced the "exculpatory no" doctrine, but were it to do so it is clear that the Court of Appeals "would construe it narrowly, ruling that any statement beyond a simple 'no' does not fall within the exception." *United States v. Capo,* 791 F.2d 1054, 1069 (2nd Cir.1986). Because the government has made it clear that "both of the challenged counts [of the indictment] charge more than a simple 'no'," it appears that the doctrine would not be applicable in this case. *See United States v. Guariglia,* 757 F.Supp. 259, 265 (S.D.N.Y.1991). Moreover, even if the exact content of defendant's representations, which is disputed, were to be interpreted as falling within the exception, the line of cases holding the doctrine available as an affirmative defense at trial rather than in a motion to dismiss the indictment represents a better reasoned rule. *See United States v. Finley,* 705 F.Supp. 1272, 1294 (N.D.Ill.1988); *United States v. Antonucci,* 663 F.Supp. 243, 245 (N.D.Ill.1987). It is further

■ ORDERED, that defendant's motion to dismiss the indictment on the basis that the copy she received lacked the signatures of U.S. Attorney and the foreperson of the grand jury is DENIED on the basis that the indictment conforms to the pleading requirements of Fed.R.Crim.P. 7(c)(1) and the original indictment, filed with the court, contains the signatures of both the U.S. Attorney and the grand jury foreperson. It is further

ORDERED, that defendant's motion reserving the right to renew, re-open, or initiate new motions is GRANTED upon a showing of good cause pursuant to Fed.R.Crim.P. 45(b).

The matter will proceed to trial on February 7, 1995 at 9:30 AM.

**IT IS SO ORDERED.**