No. 3--96--0152

_________________________________________________________________

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1996

PEOPLE OF THE STATE OF        )  Appeal from the Circuit Court of

ILLINOIS,                     )  the 9th Judicial Circuit,

                              )  McDonough County, Illinois

     Plaintiff-Appellant,     )

                              )

     v.                       )  No. 95--CM--594

                              )  

PATRICIA FOXALL,              )  Honorable

                              )  John R. Clerkin,

     Defendant-Appellee.      )  Judge Presiding

_________________________________________________________________

JUSTICE MICHELA delivered the opinion of the court:

_________________________________________________________________

     The State appeals the dismissal of an information it filed

against the defendant, Patricia Foxall, charging her with

disorderly conduct in violation of section 26--1(a)(7) of the

Criminal Code of 1961 (the Code).  720 ILCS 5/26--1(a)(7) (West

1994).  The issue presented for our review is whether a charging

instrument which accuses one of committing disorderly conduct by

knowingly transmitting a false report to Illinois' Department of

Children and Family Services (DCFS) under Section 4 of the Abused

and Neglected Child Reporting Act (325 ILCS 5/4 (West 1994)) is

legally sufficient when it fails to set forth the allegedly false

report.  For the reasons set forth below, we hold that such a

charging instrument is legally insufficient and affirm the ruling

of the circuit court of McDonough County.

     Foxall, a school aide who is legally mandated through her

professional capacity to report reasonably suspected instances of

child abuse or neglect to DCFS (325 ILCS 5/4 (West 1994)), reported

information regarding an alleged perpetrator of such abuse or

neglect, Rhonda Reed.  A DCFS investigation ensued and the report

against Reed was determined to be "unfounded."  See 325 ILCS 5/7.12

(West 1994); 325 ILCS 5/7.14 (West 1994).  On February 6, 1995, a

criminal information was filed against Foxall alleging that she

committed an act of disorderly conduct by knowingly transmitting a

false report to DCFS.  Foxall filed a pretrial motion to dismiss

the information for its failure to charge an offense under section

111--3 of the Code of Criminal Procedure of 1963.  725 ILCS 5/111--

3 (West 1994).  The trial court agreed and dismissed the

information without prejudice.

     On September 27, 1995, the State filed a second information

against Foxall which is reproduced below:

          "on or about the 29th day of September, in the

          year of our Lord one thousand and nine hundred

          and ninety-four, at and within the said County

          of McDonough in the State of Illinois,

          [Patricia Foxall] knowingly transmitted a

          false report to the Department of Children and

          Family Services under Section 4 of the Abused

          and Neglected Child Reporting Act, in that

          said defendant reported that Rhonda Reed had

          committed acts of sexual misconduct, and did

          then and there, thereby commit the offense of

          DISORDERLY CONDUCT, in violation of Chapter

          720, Section 5/26-1(a)(7) of the Illinois

          Revised Statute, (sic) contrary to the form of

          the statute in such case made and provided and

          against the peace and dignity of the same

          people of the State of Illinois."

Foxall again filed a pretrial motion to dismiss the information. 

The trial court ruled that the information lacked the specificity

and particularity required under Illinois law and dismissed the

information without prejudice.  The State timely appeals arguing

that its inclusion of Reed's name coupled with its statement that

the report concerned alleged acts of sexual misconduct committed by

Reed renders the information legally sufficient.

     An information which "'apprise[s] the accused of the precise

offense charged with sufficient specificity to prepare his defense

and allow pleading a resulting conviction as a bar to a future

prosecution arising out of the same conduct'" will survive a

challenge to its legal sufficiency made for the first time on

appeal.  People v. Thingvold, 145 Ill. 2d 441, 448, 584 N.E.2d 89,

91 (1991), quoting People v. Gilmore, 63 Ill. 2d 23, 29, 344 N.E.2d

456 (1976).  If, however, an accused moves to dismiss the

information before trial, as in the instant case, the information

must strictly comply with the pleading requirements of section 111-

-3 of the Code of Criminal Procedure of 1963.  Thingvold, 145 Ill.

2d at 448, 584 N.E.2d at 91-2; 725 ILCS 5/111--3 (West 1994).  We

review the trial court's decision to dismiss the information de

novo.  People v. Smith, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738,

740 (1994).

     Statutory language may, by its words alone, sufficiently

apprise an accused of the charged criminal offense.  People v.

Grieco, 44 Ill. 2d 407, 409-10, 255 N.E.2d 897, 899 (1970). 

Conversely, there are certain offenses where the statutory language

does not sufficiently particularize the offense, requiring the

State to plead additional specific facts.  See People v. Heard, 47

Ill. 2d 501, 266 N.E.2d 340 (1970).  The State argues, however,

that section 26--1(a)(7) of the Code does not suffer from this

fault and reasons that because this statutory language describes

specific conduct there is no need for the information to specify

the exact means by which the conduct was carried out.  People v.

Wisslead, 108 Ill. 2d 389, 397, 484 N.E.2d 1081, 1084 (1985); 720

ILCS 5/26--1(a)(7) (West 1994).  We disagree.

     Section 26--1(a)(7) of the Code states:

          "[a] person commits disorderly conduct when he

          knowingly transmits a false report to the

          Department of Children and Family Services

          under Section 4 of the Abused and Neglected

          Child Reporting Act[.]"  720 ILCS 5/26--

          1(a)(7) (West 1994).

Although section 26--1(a)(7) of the Code uses language which is

specific in comparison to its companion statutory subsections (see

725 ILCS 5/26--1(a)(1) (West 1994)), the gravamen of the offense is

the "false report."  Thus, the charging instrument must perforce

plead the allegedly false report Foxall made to DCFS to satisfy the

constitutional requirement that an accused be informed of the

"nature and cause" of the charged criminal offense.  U.S. Const.,

amend. VI; Ill. Const. 1970, art. I, § 8; Wisslead, 108 Ill. 2d at

394, 484 N.E.2d at 1082; accord People v. Aud, 52 Ill. 2d 368, 370-

71, 288 N.E.2d 453, 454 (1972).

     The State argues that because the information charged that

Foxall knowingly made a false report regarding Reed's alleged acts

of sexual misconduct, Foxall is apprised of not only the elements

of the offense, but its nature as well.  Again, we disagree. 

Sexual misconduct can encompass a myriad of acts just as a myriad

of acts can constitute gambling (725 ILCS 5/28--1 et seq. (West

1994)) or a myriad of acts can constitute obscenity (725 ILCS 5/11-

-20 et seq. (West 1994)).  Here, the information charged that

Foxall transmitted a false report concerning "sexual misconduct"

evoking nothing more than an uncertain laundry list of possible

acts which does not cure the defect caused by omitting the false

report from the body of the information.  

     One can only commit this type of disorderly conduct through

the knowing transmission of a false oral or written report.  720

ILCS 5/26--1(a)(7) (West 1994).  Thus, basic fairness demands that

Foxall be told exactly what she allegedly transmitted as a false

report to DCFS.  People v. Davis, No. 1-95-0486, slip op. at 11

(Ill. App. Ct. 1st Div. June 28, 1996).  We therefore hold that,

upon a de novo review of the record, the information does not

strictly comply with section 111--3 of the Code of Criminal

Procedure of 1963 (725 ILCS 5/111--3 (West 1994)) and it does not

sufficiently apprise the accused of the offense so that she can

prepare a competent defense and plead a judgment as a bar to a

future prosecution.

     For the foregoing reasons, the judgment of the circuit court

of McDonough County is affirmed.

     Affirmed.     

     HOLDRIDGE, P.J. and LYTTON, J., concur.