THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN LIGHTNER, Defendant-Appellee.

Second District   No. 2—85—0532

Opinion filed July 22, 1986.—Rehearing denied August 26, 1986.

Eugene L. Stockton, State's Attorney, of Dixon (William L. Browers, of State's Attorneys Appellate Prosecutor, of Elgin, and Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Daniel J. Pierce, of Pierce, Lydon, Griffin & Montana, of Chicago, and T. Jordan Gallagher, of Gallagher, Fuenty & Klein, of De Kalb, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

The State appeals from an order dismissing an indictment against defendant, John Lightner.

The indictment was returned against defendant by the grand jury of Lee County in which he was charged with conspiracy to obstruct justice (Ill. Rev. Stat. 1985, ch. 38, par. 8—2(a)) (count I); obstructing justice (Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a)) (count II); and obstructing a peace officer (Ill. Rev. Stat. 1985, ch. 38, par. 31—1) (count III). Defendant's motion to dismiss all three counts was brought under section 114—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)) and alleged that the indictment did not state sufficient facts to constitute an offense; that counts II and III did not state causes of action; that no evidence was presented to the grand jury connecting defendant to the offenses; and, that his due process rights were denied by the presentation of the results of a polygraph examination of a witness to the grand jury and failure to present the results of defendant's polygraph examination.

After considering the transcripts of the grand jury proceedings and arguments of counsel, the trial court dismissed count I of the in-

dictment for failure to allege sufficient facts to state a cause of action for the offense of conspiracy to obstruct justice; the State does not appeal from that judgment. The court also dismissed counts II and III of the indictment, finding they failed to state a cause of action because defendant's statements to an investigating officer, upon which the counts were premised, were exculpatory denials of criminal involvement by him and thus were not within the purview of the obstruction of justice or peace officer statutes. (See *People v. Brooks* (1977), 51 Ill. App. 3d 800, 367 N.E.2d 236; *People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d 1364.) Having concluded the charges made in the indictment to be void on these grounds, the trial court found the other issues raised by defendant's motion to be moot. It declined to rule upon whether there was competent evidence before the grand jury to connect defendant to the crimes charged or whether the grand jury proceedings were violative of defendant's right to due process.

The State contends that the trial court improperly considered the sufficiency of the evidence heard by the grand jury in dismissing counts II and III on the grounds it considered dispositive and, as the indictment was not dismissed on a grounds authorized by section 114—1(a) of the Criminal Code or on due process grounds, the judgment must be reversed.

In count II defendant was charged with obstructing justice, in that:

> "Defendant with the intent to prevent the apprehension of Anthony DuBois, knowingly furnished false information to Larry Hagen, a police officer, as to the defendant's knowledge about the planting of drugs at the home of Raul Garcia in that he related to the officer that he did not know anything about Anthony DuBois having drugs planted at the Raul Garcia residence ***."

In count III, he was charged with obstructing a peace officer, in that:

> "Defendant knowingly obstructed the performance of Larry Hagen of an authorized act within his official capacity, being the investigation of the planting of drugs at the Raul Garcia residence, knowing Larry Hagen to be a peace officer engaged in the execution of his official duties, in that he told Lieutenant Larry Hagen that he did not know anything about Anthony DuBois having drugs planted at the Raul Garcia residence ***."

The grand-jury transcripts, which the trial court reviewed, disclose testimony that on October 11, 1984, drugs were planted in the home of Raul Garcia by William Zimmerman, who acted at the re-

quest of Anthony DuBois, whose wife was staying with Garcia. Zimmerman testified he came to Illinois from Texas for that purpose and was met at the airport by a man he did not know (defendant) who drove him past Garcia's building in Dixon and also the police station. Defendant told Zimmerman he could keep the car until the next morning. That night Zimmerman placed the drugs in the Garcia apartment, then signed an affidavit in the Dixon police station stating he had been in the apartment and seen drugs there; he then returned the car to defendant, who drove him to the bus station. Garcia's apartment was searched by police on October 12 and drugs were found. Zimmerman was ultimately charged when police officers determined the drugs had been planted.

In the course of the investigation of that matter, a police officer had a conversation with defendant on November 7, 1984, from which the present charges of obstructing emanated. Defendant, on being questioned, told the officer he did not know anything about drugs being planted in the Garcia apartment and was not involved in it. Subsequently, on February 7, 1985, after having talked to William Zimmerman, the officer again had a conversation with defendant, who then stated he had driven Zimmerman and let him use his car. When asked why he had earlier said he didn't know anything about that matter, defendant told the officer he was scared and didn't want to get involved. The grand jury returned the indictment against defendant earlier noted, and he filed a motion to dismiss it on the grounds stated.

■ ■ A trial court has a limited authority to dismiss criminal charges prior to trial. It may do so on the grounds set forth in section 114—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)) or where there has been a clear denial of due process which prejudiced defendant. (See *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 135-37, 429 N.E.2d 573.) Neither of these authorizations are implicated in the basis upon which the trial court acted in this case. A trial court ordinarily does not consider grand jury proceedings or the evidence there presented, but may do so for limited purposes where a defendant has alleged there was no evidence presented to the grand jury connecting him to the offense for which an indictment was returned. (*People v. Rodgers* (1982), 92 Ill. 2d 283, 442 N.E.2d 240.) In such circumstances the burden shifts to the State to direct the court to the evidence heard by the grand jury to determine "whether any evidence was presented which tends to connect the accused to the offense charged." (92 Ill. 2d 283, 290, 442 N.E.2d 240.) It is not necessary in such cases for the trial court to determine whether any evidence is presented as to each element of the offense, only that there

be some evidence relative to the charge. 92 Ill. 2d 283, 290, 442 N.E.2d 240.

In this case, however, on consideration of the testimony of the several witnesses who appeared before the grand jury, the trial court declined to resolve the issue whether there was any evidence connecting defendant to the offenses charged. Instead, the court determined from its review of the grand-jury transcripts that defendant had a viable defense to the charges, and dismissed the indictment on grounds that defendant's false statement to the police officer was an exculpatory denial by him of criminal involvement in answer to police questioning and was thus exempt from the obstruction statutes under *People v. Brooks* and *People v. Toolen.*

■ The trial court may well be correct in its analysis of the grand-jury testimony, and the cases upon which it relied, in granting defendant's motion to dismiss. In our view, however, the court was not authorized at this stage of the criminal proceeding to make that judgment. The inquiry into the evidence presented to the grand jury permitted under *People v. Rodgers* is limited to a search for "any evidence" connecting a defendant to the offense charged. It does not authorize a court to inquire into the competency or adequacy of the evidence to support the indictment nor does the *Rodgers* rule permit the court, at that stage, to recognize and act upon any defenses it considers may exist to the indictment under the evidence there presented. *People v. Whitlow* (1982), 89 Ill. 2d 322, 331, 433 N.E.2d 629.

■ It has been said that the merits of a case are not meant to be decided in the vacuum of a motion to dismiss (*People v. Rose* (1976), 44 Ill. App. 3d 333, 338, 357 N.E.2d 1342) or before the State has had an opportunity to present all of its evidence (*People v. Shick* (1968), 101 Ill. App. 2d 377, 379, 243 N.E.2d 285; *People v. Williams* (1978), 65 Ill. App. 3d 247, 248, 382 N.E.2d 576) and, as earlier noted, a dismissal which is not based upon any grounds enumerated in section 114—1(a) of the Criminal Code of 1961 or for a clear due process violation is improper. We have concluded the trial court exceeded its authority when it dismissed counts II and III of the indictment on the grounds stated and that judgment must be reversed.

■ The parties have also addressed in their briefs the other grounds upon which defendant premised his motion to dismiss, none of which were considered by the trial court, and we will not do so here. It is clear that the court dismissed counts II and III of the indictment solely on the grounds that the allegations of the indictment that defendant obstructed justice or a peace officer by denying knowledge of an offense when questioned did not state a cause of action.

We have determined that the trial court exceeded its authority in ruling on that defense at this stage of the proceedings and, on remand, it must consider the other matters raised by defendant's motion to dismiss.

Accordingly, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

REINHARD and SCHNAKE, JJ., concur.