THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BEVERLY J. KNOP, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDWARD P. KNOP, Defendant-Appellee.

Second District   Nos. 2—89—0243, 2—89—0244 cons.

Opinion filed July 16, 1990.—Rehearing denied August 13, 1990.

Val Gunnarsson, State's Attorney, of Mt. Carroll (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Edward P. Knop and Beverly J. Knop, were charged by complaint in the circuit court of Carroll County with the unlawful promotion of a pyramid sales scheme in violation of section 17—7 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 17—7). Defendants moved to dismiss the charges against them based on their alleged reliance on a ruling of the circuit court of Cook County that a business enterprise virtually identical to defendants' was not an illegal pyramid scheme. The trial court granted the motion to dismiss the charges, and the State now appeals.

On appeal, the State advances two arguments: (1) the trial court was without authority to dismiss the charges because defendants' reliance on the ruling of the Cook County circuit court was, at most, an affirmative defense; and (2) the basis of the trial court's order of dismissal was erroneous because defendants' reliance on a circuit court opinion did not constitute a reasonable mistake of law under section 4—8(b) of the Code (Ill. Rev. Stat 1985, ch. 38, par. 4—8(b)). Defendants, on the other hand, argue that the proceedings below constituted a *de facto* stipulated bench trial and that the trial court's ruling was, in effect, an acquittal from which the State cannot appeal.

The resolution of these appeals requires us to decipher the unusual procedural posture of this case. The complaints charging defendants with unlawfully promoting a pyramid sales scheme were filed on August 28, 1987. Notations in the docket sheet on November 3, 1987, state that "[b]y agreement, [the causes were] continued generally pending appeal in [a] Cook Co. case." The appeal of the Cook County case which the docket entry referred to was decided in *People ex rel. Hartigan v. Unimax, Inc.* (1988), 168 Ill. App. 3d 718.

The appellate opinion in *Unimax* reveals that the defendant was charged with operating a pyramid sales scheme in violation of section 2A(2) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262A(2)). The parties agree that, although the pyramid scheme statute at issue in *Unimax* is different from the one at issue here, the provisions of the two statutes are virtually identical. The circuit court of Cook County granted summary judgment in favor of the *Unimax* defendant on May 7, 1987. (*Unimax*, 168 Ill. App. 3d at 722.) The appellate court, however, reversed this ruling on March 29, 1988. *Unimax*, 168 Ill. App. 3d at 725.

On August 2, 1988, the trial court set the instant causes for trial. On December 12, 1988, the trial court granted, over the State's objection, defendants' motion to continue the causes for a bench trial on January 13, 1989. The record on appeal has been supplemented with a

copy of defendants' motion to dismiss the charges against them. The motion alleged that defendants' reliance on the order of the Cook County circuit court in the *Unimax* case was cause for dismissal pursuant to section 4—8 of the Code, because the "Circuit Judge in Cook County, Illinois, [is] a public official legally authorized to interpret the statutes." Though the parties have stipulated on appeal that the supplement to the record is "a true copy of the original Motion to Dismiss" filed in the circuit court of Carroll County, the parties have not provided this court with an indication of when this motion was filed. In any event, the record makes clear that the trial court heard argument on the motion on January 13, 1989.

The report of proceedings at the hearing on defendants' motion to dismiss reveals the following prefatory discussion:

"MR. SHIRK [Defense Counsel]: Your Honor, I believe we are here to stipulate as to some of the facts in the motion.

THE COURT: Okay.

MR. SHIRK: That in fact the Defendants were aware of *** an order from a Judge in Cook County, declaring that the Unimax was not a Pyramid Sales Scheme. That the Unimax business as set forth in that case is almost identical to the business in this case, and the question would be whether or not they could reasonably—they couldn't rely upon a Cook County Circuit Judge's ruling that the business was not a Pyramid Sales Scheme. Would that be accurate?

MR. GUNNARSSON [State's Attorney]: Your Honor, we can stipulate to those facts. I think the question is exactly whether that would constitute an offense under Section 4—8 of the Criminal Code."

■ The trial court took the issue under advisement, and it issued a memorandum opinion which was filed on February 6, 1989. The court ruled that section 4—8(b)(4) of the Code provided defendants with an affirmative defense to the charges against them. That section provides:

"(b) A person's reasonable belief that his conduct does not constitute an offense is a defense if:
* * *
(4) He acts in reliance upon an official interpretation of the statute, regulation or order defining the offense, made by a public officer or agency legally authorized to interpret such statute." (Ill. Rev. Stat. 1985, ch. 38, par. 4—8(b)(4).)

The trial court reasoned that the phrase "public officer" in section 4—8(b)(4) was broad enough to include a circuit court judge, and so it

dismissed the charges against defendants.

The State now appeals from the trial court's dismissal of the charges, noting that our jurisdiction over the appeal is proper pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)). The State argues that the trial court was without authority to dismiss the charges because an affirmative defense is not ground for a dismissal under section 114—1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)). The State further contends that a circuit court judge is not a "public officer" under section 4—8(b)(4) of the Code. Defendants, however, argue that the appeals must be dismissed because any further proceedings would violate their right to be protected against double jeopardy. U.S. Const., amend. V.

We initially address defendants' argument that the appeals must be dismissed on the basis of double jeopardy. Defendants' argument is based on the assertion that the proceedings below amounted to a "*de facto* stipulated bench trial.*" Defendants contend that the proceedings in the trial court amounted to a trial on the merits because the parties stipulated to both defendants' commission of the offenses charged and defendants' reliance on the ruling of the Cook County circuit court. Thus, defendants argue that the prior proceedings were on the merits, and the order of dismissal amounts to an acquittal from which the State cannot appeal.

The interests which the double jeopardy clause seeks to protect are not implicated unless a defendant is put in jeopardy. (*People ex rel. Daley v. Strayhorn* (1988), 121 Ill. 2d 470, 477.) What constitutes an acquittal for purposes of the double jeopardy clause is not necessarily controlled by the form of the judge's action or what the judge calls it. (*People v. Rudi* (1984), 103 Ill. 2d 216, 224, *cert. denied* (1985), 469 U.S. 1228, 84 L. Ed. 2d 365, 105 S. Ct. 1227.) A judgment of acquittal triggers double jeopardy protection if it actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. *People ex rel. Daley v. Crilly* (1985), 108 Ill. 2d 301, 311, *cert. denied* (1986), 475 U.S. 1045, 89 L. Ed. 2d 571, 106 S. Ct. 1261.

We do not believe that the trial court's order of dismissal in the instant causes can be viewed as an acquittal because defendants were never in jeopardy of conviction. Both the State and defendants sought a ruling on the applicability of section 4—8(b) in the instant actions, but there is no indication that the trial court felt it was ruling on the merits of the causes. If, for example, the trial court had ruled that defendants were not protected by section 4—8(b) of the Code, defendants would not suggest that this would be tantamount to a con-

viction. (See *People v. Deems* (1980), 81 Ill. 2d 384, 389, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378.) Conversely, we believe that a ruling favorable to defendants simply cannot be treated as an outright acquittal. Viewed more appropriately, "the proceedings at issue more closely resemble preliminary proceedings often heard on motions before trials, which do not constitute jeopardy." See *Strayhorn*, 121 Ill. 2d at 479.

Jeopardy did not attach at this stage of the proceedings because the parties were not seeking a judgment on the merits, but instead sought a more narrow ruling on a motion to dismiss. The State and defendants entered into what they referred to as a "stipulation" for the limited purpose of eliciting a ruling from the trial court on the applicability of section 4—8(b) of the Code. We do not agree with defendants' view of the conclusiveness of this "stipulation." The record does not indicate that the parties were to be bound by the "stipulation" outside of the context in which it was made.

We now address the question of whether the trial court was authorized to dismiss the proceedings before trial. Defendants contend that the State has waived consideration of this issue by failing to raise it before the trial court. Ordinarily, a contention not made in the trial court is waived on review. (*People v. Holman* (1984), 103 Ill. 2d 133, 176, *cert. denied* (1985), 469 U.S. 1220, 84 L. Ed. 2d 347, 105 S. Ct. 1204.) The principle of waiver applies to the State as well as to defendants. (*People v. Andrews* (1989), 132 Ill. 2d 451, 458.) Where circumstances warrant, however, it is within the discretion of the appellate court to review contentions not raised at trial by the State under the doctrine of plain error. (*People v. Oswald* (1982), 106 Ill. App. 3d 645, 649.) Invocation of the plain error doctrine may be warranted where, as here, the issue is truly one of law concerning the construction of a statute. (*Oswald*, 106 Ill. App. 3d at 649.) We elect to apply the plain error doctrine here to examine the propriety of the trial court's dismissal of the charges against defendants. To do otherwise would effectively allow the parties, by proceeding without objection in an unauthorized proceeding, to improperly enlarge the authority of the circuit court.

A trial court has only limited authority to dismiss criminal charges prior to trial. The court may do so on the grounds set forth in section 114—1(a) of the Code of Criminal Procedure of 1963 or where there has been a clear denial of due process which prejudiced the defendant. (*People v. Lightner* (1986), 145 Ill. App. 3d 741, 744.) It is clear that none of the grounds set forth in section 114—1(a) of the Code of Criminal Procedure of 1963 are applicable here. Section

114—1(a)(8) empowers a trial court to dismiss a charge where the charge does not state an offense. (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(8).) Here, however, defendants have not argued that the charges filed against them fail to state an offense; rather, they contend that section 4—8(b)(4) of the Code provides them with an affirmative defense to the charges.

This court addressed a similar situation in *People v. Lightner* (1986), 145 Ill. App. 3d 741. In *Lightner*, the defendant moved to dismiss the charge against him on the basis that it did not state a cause of action. In ruling on the motion, the trial court reviewed the transcripts of the grand jury proceedings and determined that the defendant's conduct was not within the purview of the offense charged. (*Lightner*, 145 Ill. App. 3d at 742-43.) The court dismissed the charges, and the State appealed. On appeal, we held that the trial court was without authority to dismiss the charges on the basis of what was, in reality, an affirmative defense. (145 Ill. App. 3d at 745.) We noted that the merits of the case are not meant to be decided in the vacuum of a motion to dismiss, and so we remanded the cause for further proceedings. 145 Ill. App. 3d at 745-46.

■ We believe that our holding in *Lightner* is applicable to the instant causes. *Lightner* demonstrates that the trial court here was without authority to dismiss the charges against defendants on the basis of an affirmative defense before the causes had proceeded to trial. (See also *People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 1031 (trial court erred in dismissing an indictment based upon the defendant's "exculpatory denial" defense presented during his hearing on a motion to dismiss the charges).) Accordingly, as in *Lightner*, we must reverse the order dismissing the charges against defendants and remand these causes for further proceedings.

Having determined that the trial court improperly dismissed the charges against both defendants, we must next decide whether the court correctly held that circuit court judges are "public officers" within the meaning of section 4—8(b)(4) of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 4—8(b)(4).) This section provides:

> "A person's reasonable belief that his conduct does not constitute an offense is a defense if:
> * * *
> (4) He acts in reliance upon an official interpretation of the statute, regulation or order defining the offense, made by a public officer or agency legally authorized to interpret such statute." (Ill. Rev. Stat. 1985, ch. 38, par. 4—8(b)(4).)

Defendants contend that they relied upon the circuit court's ruling in

*Unimax* (which found no pyramid sales scheme) to set up the business at issue in the present case. Defendants argue that a circuit court judge is a "public officer" under section 4—8(b)(4) of the Code and, therefore, they were entitled to rely on the judge's ruling that the type of business enterprise in which they engaged was not illegal.

The State disagrees, arguing instead that the inclusion of circuit court judges as "public officers" would render section 4—8(b)(3) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 4—8(b)(3)) meaningless. This section grants a person a defense to a charge if "[h]e acts in reliance upon an order or opinion of an Illinois Appellate or Supreme Court, or a United States appellate court later overruled or reversed." (Ill. Rev. Stat. 1985, ch. 38, par. 4—8(b)(3).) The State asserts that section 4—8(b)(3), and not section 4—8(b)(4), was intended to deal with reliance on opinions of the judiciary. We agree.

If we were to agree with defendants' broad interpretation that "public officer" includes circuit court judges, we would then have to include appellate and supreme court justices within this definition. This construction of the statute would render section 4—8(b)(3) of the Code superfluous because reliance on appellate and supreme court opinions is already protected in that section. In interpreting a statute, a reviewing court should seek a construction which renders no word superfluous or meaningless. (*People v. Parvin* (1988), 125 Ill. 2d 519, 525; *People v. Wisslead* (1985), 108 Ill. 2d 389, 394.) We will not interpret the statutory language in a manner which will effectively negate the meaning of section 4—8(b)(3) of the Code. Consequently, we hold that a circuit court judge is not considered to be a "public officer" within the meaning of section 4—8(b)(4) of the Code.

For the above reasons, the order of the circuit court of Carroll County is reversed, and the causes are remanded for further proceedings.

Reversed and remanded.

REINHARD and DUNN, JJ., concur.