THE COUNTY OF WILL, Plaintiff-Appellant, *v.* RONALD W. GEORGE *et al.*, Defendants-Appellees.

Third District    No. 81-390

Opinion filed February 10, 1982.

Edward F. Petka, State's Attorney, of Joliet (Steven J. Prodehl, Assistant State's Attorney, of counsel), for appellant.

James R. Buck, of Klein, Stoddard & Buck, of Sycamore, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This is a land condemnation case. Plaintiff, Will County, is attempting to widen Weber Road from its existing 66-foot width to 100 feet. To accomplish this widening, the county needs 17 additional feet on each side. Defendants, Ronald and Carol George, own a 160-acre farm along the east side of the road. Pursuant to resolution of the County Board, condemnation proceedings were instituted to acquire this 17-foot strip from the Georges. This tract amounts to approximately one acre.

In the condemnation proceeding, the Georges asserted that they also owned the land under the existing road to the center of the road, that is to say, the west 33 feet of the existing road. They further claimed that the County could not merely buy the 17-foot strip lying east of the existing roadway but that the County must also buy the 33-foot strip under the existing roadway. This tract amounts to approximately two additional acres. The Georges claim this is necessary because an acquisition by the County of only the 17-foot strip would leave their 33-foot strip under the road as isolated and useless. They point out that they have always owned the land to the center of the road and have always paid taxes on it.

Negotiations ensued which proved unproductive in two ways. The County would not agree that the Georges owned the land to the center of the existing road. Neither could the price per acre be agreed upon.

In view of the dispute, the assistant State's Attorney who was prosecuting the condemnation case entered into a stipulation with the attorney for the Georges. The stipulation was that the trial judge would be allowed to decide whether the Georges owned the land to the center of the existing road or merely to the edge of the road. If the judge decided that the Georges only owned to the edge of the road, the land would be taken and the County would pay $10,000. If, on the other hand, the judge decided that the Georges owned to the center of the road, then the County would take that land too, and the County would pay $22,400.

The parties filed briefs with the trial court and the matter was argued. The Georges won. The trial court decided that the Georges owned the land to the center of the road and that the County should take the entire tract of approximately three acres and that the Georges were entitled to a money judgment of $22,400 as per the stipulation of the parties.

On appeal, Will County contends the State's Attorney had no independent authority to purchase land for the County and thus the stipulation agreeing to such purchase is invalid. Such theory not having been raised in the trial court, defendants respond, the argument is waived. Alternatively, defendants urge, the State's Attorney had statutory author-

ity to represent the County in all actions, and this includes the authority to enter into stipulations. Ill. Rev. Stat. 1979, ch. 14, par. 5.

■■ First and foremost, a State's Attorney has no independent authority to purchase land for the County absent a County Board resolution authorizing him to do so. (Ill. Rev. Stat. 1979, ch. 34, par. 303; ch. 121, par. 6—804.) At oral argument, defendant's counsel was specifically asked by this court whether the State's Attorney was empowered by resolution of the County Board to purchase both strips of land. He responded that the State's Attorney was authorized by resolution to purchase whatever land was necessary to complete the road widening. This response was false and misleading. The County Board's resolution, dated October 26, 1978, plainly states that in widening Weber Road, Will County would provide an unspecified amount of compensation for defendant's 17-foot strip. The County Board's resolution does not, in any way, authorize the purchase of more acreage than that. Nor does it indicate the price of such acreage or a method of valuation.

■■ Merely because a State's Attorney has a statutory obligation to represent Will County in eminent domain proceedings does not imbue him with the power to buy land in the County's behalf. This can only be accomplished by a resolution promulgated by the County Board acting through its supervisors. (Ill. Rev. Stat. 1979, ch. 34, par. 302.) Any person assuming to act as the official agent of a county must have the requisite authority for that purpose or the county will not be bound. This has been the rule in Illinois for almost 100 years. (*Pauley v. County of Madison* (1919), 288 Ill. 255, 260, quoting *Scates v. King* (1883), 110 Ill. 456.) The Will County Board did not authorize the State's Attorney to buy three acres of land at any price. Therefore, the State's Attorney could not bind the County to make such a purchase. The stipulation had no legal effect and was void *ab initio*. As such, it was not susceptible to waiver. It could not be waived. We cannot give any efficacy to that void portion of the stipulation.

■■ Part of the stipulation was perfectly all right. That was the part that authorized the trial court to determine the ownership of the 33-foot strip under the existing roadway. The resolution of that question was well within the proper area of concern for both the County and the Georges and was jurisdictionally and procedurally before the court.

As to such strip under the existing roadway, the County claimed that the land was dedicated to the public as public highway in 1856 by a former owner. This was never proved. The land was titled in the Georges and they paid taxes on it. The trial court correctly ruled that they still owned it in fee, subject to its existing use as a road.

Under current law, a statutory dedication can occur when a land-

owner records a plat which indicates on it what land is being donated to the public. (*Sunstrom v. Village of Oak Park* (1940), 374 Ill. 632, 638.) A fee simple title then vests in the public. The compelling considerations are whether the statute relating to plats is fully complied with, and whether the grant of the land clearly appears on the plat.

Will County cited no statute to either the trial court or to us that was in effect in 1856, the year in which the dedication supposedly occurred. It could not find one. Instead, it argued, an 1857 plat statute controls. Apparently, since an 1857 statute exists, and one could not be found that was in effect in 1856, the former applied. Such an argument displays a lack of diligence. It is nothing more than guesswork, is illogical, and cannot be relied on by the court.

■■ The plaintiff has failed to show that any plat was filed in Will County with a condition dedicating such land for public road purposes. The trial judge correctly found no evidence existed that any landowner of such property ever expressed the desire to grant such land to the public. Certainly, the Georges' own farm boundaries, running to the middle of Weber Road, as well as their tax payments on such real property are ample evidence of the absence of their intent to grant the property to the public. The record is clear that Will County possesses only an easement for road purposes over that portion of the Georges' land.

For the reasons stated, that portion of the judgment ordering the acquisition of the approximate three-acre tract at a price of $22,400 is reversed. That part of the judgment finding the Georges' own fee simple title to the land up to the middle of Weber Road, as well as the declaration of easement in favor of Will County for road purposes thereon, is affirmed.

Affirmed in part; reversed in part.

ALLOY and SCOTT, JJ., concur.