NOTICE

Decision filed 05/26/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190359-U

NO. 5-19-0359

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 19-CF-59 |
| | ) | |
| KEITH A. NORDIKE, | ) | Honorable |
| | ) | Michael D. McHaney, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*: The charging instrument was sufficient to state the offense of unlawful use of an electronic tracking device where (1) it contained specific allegations of conduct that fit within the elements of that offense, and (2) the defendant's claim that his conduct fell within a statutory exception required the trial court to look beyond the charging instrument and consider evidence that might be presented at trial. The court therefore erred in dismissing the charge. The charge of unlawful misconduct was properly dismissed where proof of one element of the offense would necessarily negate proof of the other element. However, dismissal should not have been with prejudice.

¶ 2     The defendant, Keith A. Nordike, was charged with one count of unlawful use of an electronic tracking device (720 ILCS 5/21-2.5(b) (West 2016)) and one count of official misconduct (*id*. § 33-3(a)(2)). An amended information alleged that the defendant, a member of the Clinton County Board (County Board), placed an electronic tracking device on a county-owned vehicle driven by a Clinton County employee, and that the defendant was not authorized

1

to do so by any action of the County Board. The amended information further alleged that in taking these actions, the defendant performed an act he knew to be illegal while acting in his capacity as a public official. The defendant filed a motion to dismiss the amended information, arguing that it failed to state an offense because his conduct fell within a statutory exception. The court granted the defendant's motion and dismissed both charges with prejudice. The State appeals from that ruling, arguing that (1) the court erred in finding that the amended information failed to state an offense because the applicability of the statutory exception was a question of fact for a jury to resolve and (2) alternatively, the court should have dismissed the information without prejudice. We reverse.

¶ 3                                          I. BACKGROUND

¶ 4      In April 2019, the State filed a two-count information charging the defendant with unlawful use of an electronic tracking device (720 ILCS 5/21-2.5(b) (West 2016)) in count I and with official misconduct (*id.* § 33-3(a)(2)) in count II. In count I, the State alleged that on December 14, 2018, the defendant used an electronic tracking device to monitor the location or movement of Ron Becker. In count II, the State incorporated the allegations of count I and alleged that, in performing those acts, the defendant knowingly performed an act he knew to be illegal while acting in his capacity as a public official.

¶ 5      In June 2019, the defendant filed a motion to dismiss the charges. He alleged that he was a member of the Clinton County Board. He further alleged that Becker was an employee of the Clinton County Engineering Department who was using a vehicle owned by Clinton County when the tracking device was placed on the vehicle. The defendant argued that count I of the complaint should be dismissed for failure to state an offense because the conduct alleged in the charge fell within a statutory exception. Specifically, he argued that it is lawful for a State

2

agency to use an electronic tracking device to track a vehicle that is owned by the agency and driven by one of its employees or contractors. See *id.* § 21-2.5(c)(4). He argued that Clinton County falls within the statutory definition of a State agency, which includes "bodies politic and corporate of the State" (see *id.* § 21-2.5(a)), and that the county can only act through the County Board and its individual members. Alternatively, the defendant argued that the portion of the statute defining the offense of unlawful use of an electronic tracking device (*id.* § 21-2.5(b)) is unconstitutional because it is not narrowly tailored enough to avoid potential prosecution of innocent conduct. The defendant further argued that count II of the information likewise fails to state an offense. He argued that because the conduct at issue was not unlawful, it could not support a charge of official misconduct. See *id.* § 33-3(a)(2).

¶ 6    On July 8, 2019, the State filed a response to the defendant's motion to dismiss. The State argued that the allegations in the defendant's motion "would certainly be relevant at trial," but that those allegations "have no relevance" at the pleading stage. The State contended that the defendant's arguments required the court to look beyond the sufficiency of the information and consider evidence that might be presented at trial. The State further contended that the defendant had no authority to act on behalf of the entire County Board without some sort of authorization, and that "it is questionable whether the County Board was the State agency which was entitled to exercise control over the vehicle in question," noting that the vehicle belonged to the Highway Department, which is deemed to be a State agency in its own right. See *id.* § 21-2.5(a).

¶ 7    The court held a hearing on the motion on July 11, 2019. After hearing the arguments of both parties, the court granted the defendant's motion and dismissed the information without prejudice. The court granted the State 21 days leave to file an amended information.

¶ 8    On July 29, 2019, the State filed an amended information. Count I again charged the defendant with unlawful use of an electronic tracking device. The State alleged in count I that the defendant used an electronic tracking device to monitor the movement or location of a vehicle; that the registered owner, lessor, or lessee of the vehicle did not consent to the use of the device; and that the defendant was not acting on behalf of a law enforcement agency when he attached the device to the vehicle. The State further alleged that although the vehicle was under the control of a department of Clinton County, the defendant was not authorized by any ordinance or other action of the County Board to act on behalf of Clinton County to track Becker's movements. In count II, the State once again charged the defendant with official misconduct, again incorporating the allegations of count I and alleging that by performing the acts alleged in count I, the defendant knowingly performed an act he knew to be illegal while acting in his capacity as a public official.

¶ 9    On August 1, 2019, the defendant filed a motion to dismiss the amended information. He argued that although the State alleged that he was not authorized to place the tracking device on the vehicle used by Becker, this allegation was contradicted by the allegation in count II that the defendant was acting in his official capacity at the time. He further argued that the legislative history of the statute indicates that the legislature intended to prevent private citizens from placing electronic tracking devices on the vehicles of other private citizens. The defendant also reiterated his argument that the statute is unconstitutional and his argument that count II failed to state an offense.

¶ 10    The matter came for a hearing on August 8, 2019. At the outset, the court asked the prosecutor why the defendant, as a member of the Clinton County Board, does not fit within the statutory exception in subsection (c)(4) (*id.* § 21-2.5(c)(4)). The prosecutor responded by arguing

4

that the defendant needed permission or authority from the entire County Board in order to have authority to track the vehicle in his capacity as a County Board member. The defendant argued that the State's interpretation would require the County Board to take a vote to authorize the investigation of any employee suspected of misusing a county-owned vehicle. He argued that this would be problematic because such a vote would have to be taken in a public meeting. We note that the record does not indicate whether Becker was suspected of misusing the vehicle.

¶ 11    The court granted the defendant's motion. This time, the court dismissed the information with prejudice. Asked by the State whether he was ruling on the defendant's constitutional claim, the trial judge stated that he would not reach that issue because it was not necessary to do so. The State filed this appeal on August 22, 2019.

¶ 12                                    II. ANALYSIS

¶ 13    The State first argues that the court erred in dismissing count I of the information because the allegations in that count adequately set forth the offense charged and complied with Illinois's statutory pleading requirements. The State further contends that whether the defendant was acting with the authority of the County Board—thus placing his conduct within a statutory exception—is a question of fact to be resolved at trial. We agree.

¶ 14    The purpose of a charging instrument in a criminal case is to apprise the defendant of the nature of the charges against him so he is able to prepare a defense. *People v. Alvarado*, 301 Ill. App. 3d 1017, 1023 (1998). Thus, the charging instrument must include all elements of the offenses charged along with "allegations of the essential facts" that are sufficient to enable the defendant "to prepare a defense which, if successful, would bar further prosecution for the same offense." *Id.* (citing *People v. Smith*, 99 Ill. 2d 467, 471 (1984)).

5

¶ 15    When a defendant challenges the sufficiency of a charge, the question before the trial court is whether the charging instrument strictly complies with the statutory pleading requirements. *Id*. at 1022-23. The applicable statute requires the State to include the name of the offenses charged, citations to the statutory provisions under which the defendant is being charged, the nature and elements of the offenses, the date of the offenses, the county in which they occurred, and the name of the defendant. 725 ILCS 5/111-3(a) (West 2016). Further, if the facts alleged in the charging instrument do not constitute an offense even if they are true, the charge is not sufficient. *Alvarado*, 301 Ill. App. 3d at 1023. Whether a charging instrument is sufficient to state an offense is a question of law. We therefore review *de novo* the trial court's determination. *Id*.

¶ 16    Here, the defendant was charged with unlawful use of a tracking device in violation of section 21-2.5 of the Criminal Code of 2012. Under that statute, it is unlawful for any person or entity to use an electronic tracking device to determine the location or movement of another person. 720 ILCS 5/21-2.5(b) (West 2016). An electronic tracking device is defined by the statute as a device that is "attached to a vehicle that reveals its location or movement by the transmission of electronic signals." *Id*. § 21-2.5(a). Violation of this provision is a Class A misdemeanor. *Id*. § 21-2.5(d). There are certain statutory exceptions. See *id*. § 21-2.5(c). Pertinent here, it is not unlawful to attach an electronic tracking device to a vehicle that is under the control of a State agency if the device is used by the agency to track vehicles driven by its employees or contractors. *Id*. § 21-2.5(c)(4).

¶ 17    Count I of the information in this case clearly identifies the offense, includes a citation to the applicable statutory provision, and alleges facts comprising the essential elements of the offense. It also includes the defendant's name and the date and county of his alleged offense. As

the defendant correctly points out, however, the statutory exception we have just discussed is applicable if he was acting on behalf of Clinton County to track the vehicle used by Becker. According to the defendant, the allegations of the information are not sufficient to allege that his conduct fell outside the exception. As such, he contends, the allegations of the information fail to state an offense even assuming they are true. The State, by contrast, argues that "the defendant's mere status as a County Board member does not automatically make the exception applicable." Rather, the State contends, if the defendant was acting on his own without authority from the County Board, the exception is not applicable.

¶ 18    The parties thus appear to agree that the crucial question in determining whether the statutory exception applies is whether the defendant had authority to act on behalf of the County Board. The question for us is whether the information alleges sufficient facts which, if proven to be true, establish that the exception does not apply and that the defendant's conduct, therefore, constitutes a criminal offense.

¶ 19    We are guided in our analysis by the Fourth District's decision in *People v. Soliday*, 313 Ill. App. 3d 338 (2000). There, the defendant was charged with criminal damage to property. The charge alleged that he knowingly injured a domestic animal belonging to the Champaign County Rottweiler Rescue. *Id.* at 339. The defendant shot the animal in question, a dog named Tritan. *Id.* at 340. The defendant filed a motion to dismiss the charge, arguing that it did not state an offense because the dog was his property, not that of the rescue. He argued that, as such, the allegations in the charge were not sufficient to establish that the dog was the property of another, which is an element of the offense. *Id.* at 339. In support of his claim, the defendant attached to his motion a copy of an agreement between himself and the rescue. The agreement included conditions related

7

to the care of the dog, and provided that his failure to comply with some of the conditions would result in the dog being returned to the rescue. *Id.*

¶ 20    In the State's response to the defendant's motion to dismiss, it alleged that the defendant shot Tritan multiple times and returned his body to the rescue. *Id.* at 340. The State further alleged that the defendant initially told the rescue that the dog had been struck by a car, but he subsequently admitted that he shot the dog. *Id.* The State argued that although the defendant had a possessory interest in Tritan, the rescue maintained a proprietary interest pursuant to the agreement. *Id.*

¶ 21    The trial court agreed with the defendant and dismissed the charge. *Id.* at 341. In explaining its ruling, the court noted that the State's assertion that the dog was the property of the rescue depended on an interpretation of the contract between the rescue and the defendant. *Id.* at 340. The court explained that contract interpretation is a question of law, not a question of fact for jurors to decide. *Id.* The court found the contract to be ambiguous and "poorly worded." *Id.* The court then noted that the contract explicitly named the defendant as Tritan's "adopter," and stated that this " 'means he's the owner.' " *Id.* The court went on to explain that while the rescue attempted in the agreement "to retain some sort of interest" in the dog, that interest could best be characterized as "some sort of reverter interest," not a possessory interest. *Id.* The court found that prosecuting the defendant for criminal damage to property under those circumstances went "well beyond" the intent of the law. *Id.* at 341. The court also emphasized that the State could properly have charged the defendant with cruelty to animals instead. *Id.* at 340.

¶ 22    The State appealed, arguing that (1) the information complied with the statutory pleading requirements and (2) the trial court's decision was based on its assessment of potential evidence—specifically, whether the agreement between the defendant and the rescue defeated

8

the State's case. The appellate court agreed. *Id*. at 341. The appellate court pointed out that the trial court dismissed the charge based on evidence the defendant presented showing that the rescue did not own Tritan. The appellate court then explained that "[s]uch evidence, if deemed credible by the trier of fact *at trial*, would defeat an element of the charged offense, namely, that the domestic animal injured be 'of another.' " (Emphasis in original.) *Id*. The court went on to explain that "when addressing a defendant's motion to dismiss a charge [for failure to state an offense], a trial court is strictly limited to assessing the legal sufficiency of the indictment, information, or criminal complaint and may not evaluate the evidence the parties might present at trial." *Id.* at 342.

¶ 23     Similarly, in this case, the defendant sought dismissal of the information based on factual allegations that he asserted would defeat the State's claim that his conduct constituted an offense. Specifically, as we have discussed, the defendant asserted that because he served on the Clinton County Board, the statutory exception at issue applied and that his conduct therefore did not constitute a criminal offense. The parties disagree on whether the defendant had the authority to act on behalf of the entire County Board to monitor the use of a county-owned vehicle by a county employee. For the reasons that follow, we believe that is a question of fact to be determined at trial.

¶ 24     The State points out that individual board members cannot represent a county in court absent a resolution granting them the authority to do so (see *In re Appointment of Special State's Attorneys*, 42 Ill. App. 3d 176, 179-80 (1976)) or bind the county to obligations unless the entire board grants that authority to individual board members (see *Pauly v. Madison County*, 288 Ill. 255, 260 (1919); *Will County v. George*, 103 Ill. App. 3d 1016, 1018 (1982)). As stated

9

previously, the State alleged in the information that the defendant was not authorized to act as he did by any ordinance or resolution passed by the entire County Board.

¶ 25    The defendant, by contrast, argues that County Board members have "not just authority, but a duty to investigate" matters they will be called to vote on, including the budget and expenditures for Becker's department. The defendant argues that this obligation necessarily includes a "duty to investigate whether a county vehicle is being properly used." Although the defendant cites no authority in support of his position, he does point out that a county board has the power and duty to examine and settle the county's accounts, to issue purchase orders, and to make payments on purchase orders. 55 ILCS 5/5-1019 (West 2016). This provides at least some support for the defendant's claim that a resolution or some other formal action by the entire board is not necessary for any and all actions taken by board members on behalf of a county. Examining that county's accounts and making payments on purchase orders are day-to-day functions that are best carried out by individual board members on an ongoing basis. Arguably, oversight of county employees' usage of county-owned vehicles may fall into the same category.

¶ 26    Nevertheless, it is not appropriate to determine as a matter of law that the defendant's mere status as a member of the County Board was sufficient to give him the authority to monitor Becker's use of a county-owned vehicle on behalf of Clinton County. Whether monitoring a county employee's use of a county-owned vehicle is the responsibility of the Clinton County Board or its members is a question of fact to be resolved at trial. If it is a function of the County Board, whether it is a day-to-day function that can be performed by individual members without the need for formal authorization is likewise a question of fact to be resolved at trial. Finally, if some sort of formal action by the entire County Board *is* necessary, whether that occurred is a

question to be resolved at trial. For these reasons, we conclude that dismissal of count I of the amended information was in error.

¶ 27    The State next argues that count II of the information was sufficient to state the offense of official misconduct. As noted previously, the charge alleged that the defendant committed official misconduct by knowingly performing an act he knew to be illegal while acting in his capacity as a public official. See 720 ILCS 5/33-3(a)(2) (West 2016). The State argues that the charge was sufficient because it alleged that the defendant violated "an identifiable statute." With respect to the requirement that the defendant be acting in his capacity as a public official, another element of the offense, the State points out that the defendant himself claims to have been acting in his capacity as a member of the Clinton County Board when he attached the electronic tracking device to the vehicle used by Becker. The State argues that, although this "may or may not be true," the only question at this stage is the sufficiency of the allegations in the charge, not the sufficiency of any evidence that might be presented at trial. We are not persuaded.

¶ 28    The flaw in the State's argument is that the allegations in count II allege conduct that does not constitute an offense no matter what the jury finds with respect to the allegation that the defendant was acting in his official capacity. If the evidence at trial establishes that the defendant was authorized to act in his capacity as a County Board member, his conduct will fit within the relevant statutory exception. Such evidence will therefore refute the State's allegation that the defendant performed an act he knew to be illegal, a necessary element of the offense of official misconduct as charged. See *id*. On the other hand, if the evidence at trial shows that the defendant was not acting in his official capacity, this will defeat the State's claim that he was a public official acting in his official capacity, which is likewise an element of the offense. See *id*. Because an element of the offense will be negated no matter what the evidence at trial shows, the

11

facts alleged in count II are not sufficient to state an offense. See *Alvarado*, 301 Ill. App. 3d at 1023 (explaining that if the facts alleged do not constitute an offense if true, the charge is insufficient).

¶ 29    We recognize that an act can be performed in a public official's official capacity even if it is outside the scope of the official's authorized duties. "An act is performed in a public officer's official capacity if it is accomplished by exploitation of his public position." *People v. Lynn*, 223 Ill. App. 3d 688, 691 (1992). In *Lynn*, for example, a prison medical technician was properly found to be acting in his official capacity when he agreed to deliver cocaine to an inmate. The finding was proper because the access to the prison and its inmates afforded to the defendant by his position and his familiarity with the prison's search procedures were "integral to the drug transaction." *Id.* The amended information in this case, however, does not allege any facts to support a conclusion that the defendant exploited his position as a County Board member to place the tracking device on the vehicle driven by Becker. It is worth noting that the tracking device appears to be the property of the defendant, not that of Clinton County. At the end of the second hearing, his attorney asked that the device be returned to the defendant. Absent any allegations that the defendant somehow exploited his position to attach the device to the vehicle, the charge is insufficient to state an offense. As such, the trial court properly dismissed it.

¶ 30    We must next consider whether the court properly dismissed count II with prejudice. The State argues that dismissal should have been without prejudice pursuant to the express terms of the statute governing motions to dismiss charges. We agree.

¶ 31    Pursuant to the applicable statute, the trial court may dismiss an indictment, information, or criminal complaint on any of the 11 grounds set forth in the statute. 725 ILCS 5/114-1(a) (West 2016). Pertinent here, the court may dismiss any charge that does not state an offense. *Id.*

12

§ 114-1(a)(8). The statute provides that the dismissal of charges "upon the grounds set forth in subsections (a)(4) through (a)(11) of this Section shall not prevent the return of a new indictment or the filing of a new charge." *Id.* § 114-1(e). The charges in this case were dismissed under subsection (a)(8) for failure to state an offense. Thus, under the express statutory language, the dismissal of count II should have been without prejudice. We note that it may be possible for the State to allege additional facts showing that the defendant exploited his position to place the tracking device on the vehicle whether or not this conduct was part of his authorized duties as a member of the Clinton County Board. We therefore conclude that count II should have been dismissed without prejudice.

¶ 32    Finally, we note that the defendant argues that the statute is unconstitutional. The trial court did not reach this claim. Therefore, we believe it would be inappropriate for us to do so at this time.

¶ 33                                   III. CONCLUSION

¶ 34    For the foregoing reasons, we conclude that count I of the information should not have been dismissed at all and that count II should have been dismissed without prejudice. We therefore reverse the court's order dismissing the charges against the defendant with prejudice.

¶ 35    Reversed.

13